# KWONG LEE YUEN & COMPANY *v.* MANCHESTER FIRE ASSURANCE COMPANY.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED APRIL 10, 1905.          DECIDED APRIL 24, 1905.

FREAR, C.J., HARTWELL, J., AND CIRCUIT JUDGE LINDSAY IN PLACE OF WILDER, J.

EVIDENCE OF VALUE.

In an action to recover on a fire insurance policy one of the owners of the burned buildings may properly testify concerning their value at the time of the loss, it appearing that he built the buildings, knew their original cost, the use for which they were intended, the use which had been made of them and their value for the purpose of rental. Held: The refusal to allow this evidence to go before the jury and granting a non-suit on the ground of failure to prove the value of the burned buildings was erroneous.

ID.—*refusal to allow plaintiffs to re-open the case to put in further evidence.*

The court refused the plaintiffs' application for leave to re-open the case and put in further evidence, remarking that the application came too late after counsel had been advised that the court would grant a non-suit. Held: Not error; the meaning of the remark being that under the circumstances the judge did not regard himself as justified in allowing the case to be re-opened.

## OPINION OF THE COURT BY HARTWELL, J.

This was an action to recover on a fire insurance policy. The defendant at the close of the plaintiffs' case asked for a non-suit on two grounds, namely, the failure of plaintiffs to prove (a) the value of the burned buildings, and (b) the filing of proofs of loss with the company within sixty days, the time specified by the policy. The judge granted the non-suit on the first ground and denied the application by the plaintiffs for leave to re-open the case and put in further evidence of value. The plaintiffs by the present bill bring up exceptions taken to rulings excluding evidence of the value of the buildings, to the non-suit and to the denial of leave to re-open and put in further evidence. Exceptions bring up the question of the competency of Young Kee Kan, a member of the plaintiff firm, to testify to the value of the insured buildings at the time of the fire.

The plaintiffs' witness Young Kee Kan testified that the firm of which he was a member owned the burned buildings at the time of the loss, being "a one-story frame shingle cottage containing four rooms" in the rear of the plaintiffs' store and "a two-story frame shingle building adjoining the cottage above described;" that the buildings were rented; that he knew their value, basing his knowledge on the fact that he built them himself. His evidence of how much he paid for them was ruled out on the defendant's objection that it was irrelevant and immaterial. For the same reason he was not allowed to testify whether from his knowledge of the values of the buildings they were in excess of the values insured, namely, $350 on the one-story house and $400 on the two-story house. He testified that he built the buildings for his workmen and employes to sleep in; that he knew their rental value; but on the defendant's objection he was not allowed to testify what the rental value was, or whether from the fact that he built the buildings and knew how old they were he knew their approximate value. To the question how much they cost when new he answered that he "paid $1,100 for them" in 1888 when they were built; that they were

built of small boards with iron roofs, although he was not certain but it was part iron roof and part shingle. He was not allowed to state if he knew the value of the two buildings or whether or not their value was or was not in excess of the insurance.

The defendant's contention that the evidence was inadmissible as tending to show the value of the buildings lost is largely based upon the claim that before a witness can be permitted to testify to an opinion as to value he "must be shown to be competent to speak upon the subject" and so "qualified to give an opinion" and "has had the means of forming an intelligent opinion derived from an adequate knowledge of the nature and kind of property." It is admitted by the defendant that "there is no inflexible rule of law defining how much a person must know about property before he can be admitted to give an opinion on its value," but it is contended "he must have some knowledge on the subject sufficient to enable him to form an estimate." It is further contended by the defendant that it was discretionary with the trial court to determine how much knowledge a witness must possess in order to be qualified to testify concerning value and that his ruling on the subject is "conclusive unless clearly erroneous as matter of law." The defendant cites many cases in support of its contention.

The plaintiffs contend that " in any case the owner of an article may usually testify to its value," citing 1 Greenleaf on Evidence, 532 (16 Ed.) ; that persons acquainted with property may state their opinion of its value merely because "they have a knowledge of the particular facts in the case which jurors have not," citing the following language of the court in *Patch v. Boston,* 146 Mass. 52, 56 : "The objection that an owner and occupant of a house for seventeen years must be shown to be qualified to judge of the value of real estate before his expressed statement of an opinion of its value can be received in evidence against him, savors of too much refinement for practical purposes, and cannot be adopted. Usually such owner and occupant may be presumed to have a sufficient opinion of

the value of his property to make his admission competent against himself."

The question of evidence of value was considered and passed upon in *Pac. Mill Co. v. Enterprise Mill Co., ante,* 288, in which it was held that witnesses could properly testify what in their opinion would have been the value two years ago of certain moldings which they had recently examined. It is true that in that case the witnesses were carpenters and therefore presumably experts on the value of wooden moldings, but the rule laid down was broad enough to admit evidence of value of persons who are not experts but "have some knowledge on which to base their opinions." The price paid by the owner for land may tend to show its value and the use to which property was to be put and its adaptability to any specific purpose may be considered by the jury in determining its fair value. *Huntington v. Attrill,* 118 N. Y. 365. The cost of machinery when new may be shown as some evidence of value in an action of trover. *Hawver v. Bell,* 141 *Ib.* 140. The witness knew enough about buildings, their original cost, the use for which they were intended and the use which had been made of them, and their present condition to testify concerning their value. His evidence ought to have gone to the jury subject, as it was, to cross examination. The exception to the refusal to allow the defendant to re-open the case to introduce further evidence could be sustained, if at all, on the theory that the judge, in remarking that the application came too late after counsel had been advised that the court would grant a non-suit, meant that he had no power to do so. We do not, however, think that he meant anything more than that under the circumstances he did not regard himself as justified in allowing the case to be re-opened. This exception is not sustained. . The exceptions to the rulings concerning the evidence are allowed, as well as the exception to the non-suit, which we regard as "clearly erroneous."

Accordingly the verdict is set aside and a new trial is ordered.

*Ballou & Marx* for plaintiffs.

*A. G. M. Robertson* for defendant.