Kekaua and Paoa *v.* Kalei and Malia Kaluahi.

## SUPREME COURT—IN BANCO.

---

### APRIL TERM—1876.

*Harris and Judd, J. J.*

---

### KEKAUA AND PAOA *vs.* KALEI AND MALIA KALUAHI.

THE verdict of a jury cannot be examined on a writ of error.

#### OPINION BY JUDD, J.

This case is wrongly entitled, error being assigned by the defendants in the original action, they become plaintiffs in error, in this case, and the plaintiffs below become defendants in error.

The error assigned is that the jury erred in returning a verdict for the plaintiffs on the ground that they found that the deed under which the defendants claimed, was not a good one.

It is assigned as error that the jury by its verdict, did not express any conclusion upon the evidence supporting or opposing the title by prescription, also set up by the defendants.

Whereas the jury through its foreman stated that they did not believe the witness Keliikanakaole, whose evidence had been adduced to interrupt the defendants' prescription.

It does not appear that any special verdict had been required of the jury.

The object of a writ of error is that the errors assigned may be corrected: now the errors of law complained of must appear on the record.

The testimony which led the jury to their verdict is no part of the record, nor can remarks which may fall from the jury, not expressed in their verdict, be considered as any part of the record.

90

It is apparent from the record that the jury did not sustain the deed of the defendants, and as they found for the plaintiffs, it must be inferred that they found as proven all the facts necessary to make out the plaintiffs' case, and that they did not find the prescription of the defendants as proven, in spite of their disbelieving the witness Keliikanakaole.

We cannot, on a writ of error, invade the province of the jury and say that they formed wrong conclusions from the testimony, when the testimony upon which they based their conclusions does not come up as a part of the record, and in reviewing the authorities on this point we can find no case where a writ of error has been allowed for this purpose. Judgment affirmed.

S. B. Dole for plaintiffs in error.

A. S. Hartwell for defendants in error.