## HOPT *v.* UTAH.

IN ERROR TO THE SUPREME COURT OF THE TERRITORY OF UTAH.

Submitted January 28, 1885.—Decided April 20, 1885.

Under the Utah Code of Criminal Procedure of 1878, a judgment upon a verdict of guilty of murder, the record of which states that the court charged the jury, and does not contain the charge in writing, nor show that with the defendant's consent it was given orally, is erroneous, and must be reversed on appeal.

This was a writ of error to reverse a judgment rendered by the Supreme Court of the Territory of Utah, affirming, upon appeal from the District Court of the Third Judicial District of the Territory, a judgment and sentence of death upon a conviction of murder. The decisions of this court, after former trials of the case, are reported in 104 U. S. 631, and 110 U. S. 574.

One of the errors assigned in the brief filed in behalf of the plaintiff in error was that the record did not comply with the statute of Utah requiring that the written charges of the court should form part of the record.

In the copy of the record of the District Court contained in the record transmitted by the Supreme Court of the Territory to this court, the statement relating to the charge of the court to the jury, and the exceptions to the charge, were as follows: On May 5 the case was finally argued by the counsel for either party, " and the court charged the jury; defendant's counsel except generally to the instructions given by the court on its own motion, and exception allowed; and a verdict of guilty of murder in the first degree was returned and entered." And on May 16, "the time allowed by law for filing the bill of exceptions herein having passed, the court, upon application of defendant's counsel, refuses to further extend the time. Defendant excepts." The record also showed that on May 10, after judgment and sentence, a notice of appeal was filed by the defendant with the clerk, and a copy of the notice served on the district attorney.

Appended to the brief filed in this court in behalf of the United States was an affidavit, taken January 7, 1885, of the deputy clerk of the District Court, testifying that the counsel for the defendant at the trial in that court, who requested him to prepare the transcript of record on appeal to the Supreme Court of the Territory, requested him to omit the written charge given by the court to the jury at the trial, and told him that no point was to be made by the defendant upon the instructions given by the court to the jury; that the transcript prepared in accordance with that request was delivered by the clerk to the counsel, and by them filed with the clerk of the Supreme Court of the Territory; that by reason alone of that request the written charge was omitted from the record; and that no bill of exceptions was ever filed, or offered to be filed, or presented to the Judge of the District Court for settlement.

*Mr. R. N. Baskin, Mr. S. H. Snider,* and *Mr. W. G. Van Horne* for plaintiff in error.

*Mr. Assistant Attorney-General Maury* for defendant in error.

Mr. Justice Gray, after stating the facts in the foregoing language, delivered the opinion of the court.

By the Utah Code of Criminal Procedure of 1878, the charge of the court to the jury "must be reduced to writing before it is given, unless by mutual consent of the parties it is given orally." § 257, cl. 7. Within five days after judgment upon a conviction, the clerk must annex together and file the papers necessary to constitute the record, including "4. A copy of the minutes of trial; 5. A copy of the minutes of the judgment; 6. The bill of exceptions, if there be one; 7. The written charges asked of the court and refused, if there be any; 8. A copy of all charges given and of the indorsements thereon." § 339. The defendant may either take exceptions to the instructions of the court to the jury in matter of law at the trial of an indictment; or he may, without a bill of exceptions, appeal from a final judgment of conviction, on any question of law presented by written charges requested, given or refused, or any other question of law appearing on the record. §§ 309, 315, 358, 360. The manner of taking an appeal is by filing a notice with the clerk of the court in which the judgment is entered, and serving a copy thereof upon the attorney of the adverse party. § 363.

The statute expressly and peremptorily requires that the charge of the court to the jury shall be reduced to writing before it is given, unless by mutual consent of the parties it is given orally; and, as has already been adjudged by this court in this case, the giving, without the defendant's consent, of any oral charge or instruction to the jury, is an error, for which judgment must be reversed. 104 U. S. 631. The requirement of the statute that the clerk of the court in which the trial is had shall include, in making up its record, a copy of all written charges, as well as of the minutes of the trial, is equally positive. The object of these provisions, requiring the instructions to be in writing and recorded, is to secure an accurate and authentic report of the instructions, and to insure to the defendant the means of having them revised in an appellate court.

When the record shows that the jury were charged by the

court, nothing can excuse the omission to set forth in the record a charge in writing, except express consent of the defendant that it should be given orally, and that consent must appear of record. The record must either set forth the charge in writing, or a waiver by the defendant of such a charge. If it does neither, it fails to show what is made by express statute an essential requisite to the validity of the conviction, and contains upon its face a fatal error, of which the defendant may avail himself by appeal, without tendering a bill of exceptions.

The duty of making up a complete record is the duty of the clerk; and the duty of seeing that the record contains everything that actually took place, necessary to support the conviction, is the duty of the district attorney. If the copy of the record made up by the clerk of the District Court, and entered by the defendant in the Supreme Court of the Territory, was defective in a material point, the district attorney might have moved in the latter court to have the defect supplied by *certiorari* or other proper process. The defendant and his counsel were under no obligation to cure, and cannot be held to have waived, any defect in the record, but were entitled to take advantage, either in the Supreme Court of the Territory, or in this court, of any error apparent upon the record as it stood in that court.

Applying these principles to the record before us, the conviction cannot be supported. The record merely states that the court charged the jury, and does not state whether the charge was written or oral. If the charge was written, it should have been made part of the record, which has not been done. If it was oral, the consent of the defendant was necessary, and that consent does not appear of record, and cannot be presumed.

It is hardly necessary to add that the affidavit taken since the entry of the case in this court cannot be considered. The lawfulness of the conviction and sentence of the defendant is to be determined by the formal record, made up and transmitted as required by law, of what was done in his presence at the trial in open court; and not by *ex parte* affidavits of private

conversations supposed to have afterwards taken place in his absence between the counsel and the clerk.

*Judgment reversed, and case remanded, with directions to order the verdict to be set aside and a new trial granted.*

THE CHIEF JUSTICE and MR. JUSTICE HARLAN dissented.