ORPHEUM COMPANY, LIMITED, Plaintiff in Error *v.* W. W. DIMOND & COMPANY, LIMITED, Defendant in Error.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 24, 1902.    DECIDED DECEMBER 12, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A writ of error is dismissed for the reason that the plaintiff in error failed to comply with the rule of this court in regard to filing briefs.

OPINION OF THE COURT BY GALBRAITH, J.

The plaintiff in error, The Orpheum Company, Limited, sued out a writ of error to the Circuit Court, First Circuit, alleging that within six months last past judgment had been entered against it in that court and in favor of the defendant in error for the sum of $177.15 and costs; that said judgment was unsatisfied and that there was error in the record of said proceeding, setting out two assignments of error: (1) that there was error as

specified in its bill of exceptions presented to the judge in said cause; (2) that the court abused the discretion vested in it by law in ordering execution to issue on said judgment pending an appeal to this court.

It appears that the defendant, plaintiff below, brought an action in assumpsit against the plaintiff in the District Court and sustained its claim by evidence; that the defendant in that suit did not offer any evidence or even cross-examine plaintiff's witnesses; that judgment was rendered for the amount of the claim; that the defendant appealed to the Circuit Court where judgment in like sum and costs was rendered against it; that on September 29th, 1902, a motion for the entry of judgment and the issuance of execution therein was made on the ground that the exceptions presented were frivolous and intended for delay; that on October 8th thereafter the judge ordered execution to issue.

The defendant in error moves to quash the writ on nine grounds. It will not be necessary to notice these in detail since it is doubtful if any one of them or all together are sufficient to justify us in granting the motion and since the case may be disposed of on another and surer ground.

The first assignment of error refers to a bill of exceptions for a specification of the errors therein assigned. This presumably refers to a paper that appears among the files entitled in the cause and designated "bill of exceptions." There is nothing on it to show that it was ever presented to the Circuit Judge. It does not bear the file mark of this court or that of the Circuit Court. However, an examination of this paper discloses that the only exception set out in it was that the judgment rendered by the Circuit Court in said cause was contrary to law and the evidence and the weight of the evidence. It also appears that there is no transcript of the evidence in the record although it is admitted that there was evidence introduced in the Circuit Court. We could not consider this assignment without the transcript before us. It is likewise impossible for us to pass upon the second assignment of error in the absence of the transcript of the evidence since the circuit judge is authorized to order execution after the

allowance of a bill of exceptions and pending the appeal if it shall appear to him that the exceptions are "frivolous, immaterial or intended for delay." Section 1439, Civil Laws. In this respect the record is incomplete and imperfect. However, it is not necessary to base our decision on this ground.

The motion was argued and submitted November 24, and no brief has been filed by the plaintiff in error. Rule 2 of this court provides that briefs shall be filed by appellant or plaintiff in error within 5 days after argument, unless the time be extended, and on failure to do so the "case or appeal may be dismissed."

The writ is dismissed for the reason that plaintiff in error has failed to comply with Rule 2 of this court.

*C. W. Ashford* for plaintiff in error.

*Mott-Smith & Matthewman* for defendant in error.