# ORPHEUM COMPANY LIMITED *v.* DIMOND & COMPANY LIMITED.

## MOTION FOR RE-HEARING.

SUBMITTED JANUARY 9, 1903.        DECIDED FEBRUARY 12, 1903.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

A motion to amend an assignment of errors filed after a decision in a cause and pending the hearing on a motion for rehearing is denied.

In support of a motion for rehearing in a cause where the decision was based on the ground that counsel had failed to comply with Rule 2, requiring briefs, and it was shown that counsel thought he had obtained consent of the court to submit the matter on oral argument without briefs, the motion is granted.

On the merits of the cause it appearing that the record presents no material error the writ is dismissed and the judgment of the Circuit Court is affirmed.

### OPINION OF THE COURT BY GALBRAITH, J.

A decision in this cause dismissing the writ of error was filed December 12, 1902. (*ante* p. 522). On the 16th of December the defendant filed a petition and motion for rehearing and on January 7th, 1903, a motion to amend the assignment of errors. In order to expedite the final disposition of the cause these motions as well as the merits of the cause were argued and submitted January 9th, 1903.

The motion to amend asks permission to amend the first assignment of error so as to allege error in the entry of judgment in the Circuit Court for the reason, (1) that there was not sufficient evidence offered to justify the judgment or any judgment against the defendant, plaintiff in error, (2) that the evidence did not prove that the goods, the value of which were

sued for, were delivered to the defendant, plaintiff in error, and also asks permission attach to the assignment of errors a transcript of the proceedings had and evidence given in the Circuit Court.

To grant this motion would be in effect not to allow an amendment but to permit a new assignment of error altogether. If the writ of error was sued out in good faith, and we assume that it was, and the assignment of errors was intended to present any meritorious questions to this Court for review, it was essential that a transcript of the evidence in the Circuit Court, if there was any evidence given there, should have been made a part of the record before the cause was presented to this Court in any form. This is clearly indicated in the opinion heretofore field. It was within the power of plaintiff in error, if not its duty, to make the transcript of the evidence a part of the record. (Sec. 1446 C. L.) This was not done and now it is too late to ask "by grace" what diligence would have secured by right. However, it is not material what merit this motion may have possessed, had it been presented in due season, pending the hearing of the motion for a re-hearing, it comes too late and must be denied. *Bristol v. City of Chicago*, 21 Ill. 605.

The grounds set out in the motion for re-hearing are (1) that the court misinterpreted and misapplied one of its rules, (2) that counsel was excused by the court from complying with the rule (i. e. requiring briefs).

It appears from the showing made in support of the motion that counsel either obtained permission of the court, or thought that he had obtained such permission, to submit the motion on the oral argument without brief. In view of this fact it was a manifest injustice, though unintentional, to counsel to dismiss the case on the ground that he had failed to file a brief. We cheerfully avail ourselves of this opportunity to remove whatever reflection, on counsel's reputation for professional diligence, that order may have implied and set aside and revoke the order dismissing the writ of error, made December 12, 1902, and grant the motion for a rehearing.

We have heard oral argument and briefs have been submit-

ted on the merits in order that we might dispose of the cause at this time. It is pointed out in the former opinion in this cause that the record does not show any material error in the proceedings of the Circuit Court, or rather that the record is so incomplete that it is impossible for us to determine whether there was error or not. We did not dismiss the writ on that ground for the reason that the cause had not then been submitted on its merits. The failure of plaintiff in error to make a transcript of the proceedings and evidence taken in the Circuit Court a part of the record is sufficient reason for dismissing the writ. This fact is realized by counsel who admits in his brief that the "record is not in a condition to justify the court in reversing the action of the Circuit Court." He insists, however, that the writ should be dismissed, if his motion to amend is denied, so that he might have an opportunity of suing out another writ with a more perfect record.

It does not appear that any wrong was done the plaintiff in error by the former order or that any injustice would be done it by affirming the judgment of the Circuit Court. It was the counsel who claimed to have been injured by the former judgment. We have herein done what we could to right that wrong.

In view of the admission of counsel and the imperfect record presented we are inclined to the opinion that substantial justice demands that the writ should be dismissed and in the absence of a reasonable excuse for the imperfect state of the record and any showing of probable merit in the assignments of error the judgment of the Circuit Court should be affirmed. It is so ordered.

*C. W. Ashford* for plaintiff in error.

*Mott-Smith & Matthewman* for defendant in error.