## TERRITORY OF HAWAII *v.* MAGA AND SEYO.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 17, 1908.      DECIDED JULY 1, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

NEW TRIAL—*transcription of stenographer's notes.*

A new trial is not a matter of right when the stenographer

fails to file his transcribed notes within the time specified in R. L. Sec. 1800.

ASSAULT AND BATTERY—*dangerous weapon.*

An assault with a sheathed sword cane is an assault with a weapon obviously and imminently dangerous to life.

### OPINION OF THE COURT BY HARTWELL, C.J.

The defendants were convicted upon an indictment charging an assault upon one Henry Strange with a weapon obviously and imminently dangerous to life, to wit, a sword cane in the hand of the defendant Maga, with which he cut, stabbed and wounded the said Strange, the defendant Seyo being charged as present aiding, inciting, encouraging and abetting the said Maga in the assault, and both defendants, as charged, thereby having committed the crime of assault and battery with a weapon, etc.

The defendants excepted to the denial of their motion for a new trial which was based on several grounds, of which their counsel in this court relies upon only two, namely, that there was no evidence to sustain the premises charged against the defendant Seyo and because the court did not reduce to writing and read its charge to the jury nor file a manuscript of the charge signed by it, the defendants not having filed their written consent that the jury be charged orally; and because the stenographer did not within one week nor at any time since file his certified notes of the charge.

The exceptions cannot be sustained. The evidence shows that each of the defendants took part in the assault although only one of them struck the complaining witness with the sword drawn from the cane. The character of the sword cane as a weapon obviously and imminently dangerous to life (R. L. Sec. 2913) is not altered by the fact that it remained sheathed and was used as a club while the defendant Seyo was present.

The statute, Sec. 1800 R. L., makes it the duty of the stenographer to transcribe his notes of the judge's charge within

a week and to file the same duly certified, and Sec. 1799 makes it the duty of the court, except as provided in Sec. 1800, namely, when an official stenographer is present and takes notes of the trial and proceedings, to reduce to writing and read its charge. It is the violation of the duty of the court under Sec. 1799 that gives the defendants the right to a new trial, not the violation of duty by the stenographer under Sec. 1800. In the present case it appears by the file marks that the stenographer's certified notes were filed October 11, 1907, so that the statement in the motion for new trial filed October 12, that the stenographer had not at any time since the trial filed his certified notes, is not supported by the record, and, as counsel informs us, was made inadvertently.

Exceptions overruled.

*J. W. Cathcart, County Attorney of Oahu,* for the Territory.
*A. S. Humphreys* for defendants.