# CHUNG NUNG v. TERRITORY OF HAWAII.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JANUARY 3, 1913.                    DECIDED JANUARY 11, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

TRIAL—*charge of court to jury—stenographer's notes—transcript.*

> Where an official stenographer is present and taking notes of the charge of the court to the jury, it is not necessary for the court to reduce its charge to writing, but such charge may be given orally, and noted by the stenographer. Failure of the stenographer to transcribe such charge and file the same within the statutory time will not, in the absence of prejudice, entitle a party, as a matter of right, to a new trial.

OPINION OF THE COURT BY DE BOLT, J.

This is a writ of error to the circuit court of the first circuit, sued out by Chung Nung, the plaintiff in error, to review a judgment and sentence of imprisonment rendered against him as defendant in the case of the *Territory of Hawaii* v. *Chung Nung*, wherein he was indicted, tried and convicted of the crime of carnal abuse of a female child under the age of twelve years, and sentenced to imprisonment for life at hard labor. Ante 66, 214.

The assignments of error are, that the trial court did not reduce to writing and read its charge to the jury as required by section 1799, R. L., and that the official stenographer did not transcribe such charge and file the same within one week thereafter pursuant to the requirements of section 1800, R. L.

It appears from the record that the charge of the court as given consisted of certain written requests made and filed by counsel for Chung Nung, some of which requests were refused and some were modified, and that the judge wrote on the margin of each request either the word "refused" or the word "given" or the words "given as modified," with the initials of the judge, W. J. R., under each, except two which were not initialed, so

that it distinctly appears what requests were given and what refused, in whole or in part, and that no other charge was given, except as to the selection of a foreman of the jury, the date, form and signing of the verdict, and that the verdict "must be unanimous." It also appears that the official stenographer was present taking notes of the charge as given, and that his notes were transcribed and filed in the cause, although not within the prescribed time.

There was no contention when the case was before us on exceptions (ante 214), nor is there any contention now, that the trial court committed any error in the refusal or modification of any of the written requests to charge, or that the charge as given did not correctly state the law applicable to the facts.

Section 1799, R. L., reads: "Unless the parties to the cause on trial either in person or through their attorneys, shall file therein their written consent that the court may charge the jury orally, it shall be the duty of the court, except as provided in the next succeeding section, to reduce to writing and read its charge to the jury; and the manuscript of such charge, signed by the court, shall be filed in the cause, and shall constitute a part of the record thereof. Whenever, and as often as the court shall depart from such duty, either party to such suit shall be entitled, as a matter of right, to demand and have granted a new trial of such cause."

Section 1800, R. L., so far as it is pertinent, reads: "In cases where an official stenographer is present, and taking notes of the trial proceedings, it shall not be necessary for the court to reduce its charge to writing, but such charge may be given orally, and noted by such stenographer. It shall be the duty of the stenographer in such case to transcribe his notes of such charge within one week thereafter, and file the same, duly certified in said cause, and such transcript may thereafter be used and referred to in like manner as though the same had been written, charged and filed by the court, as provided in the last preceding section.  *  *  *"

The plaintiff in error contends that the record does not show that the charge of the court to the jury was in writing, nor that he consented to the giving of such charge orally, nor that such charge was transcribed and filed by the official stenographer within one week thereafter, and that, therefore, he is entitled, as a matter of right, to a new trial. Otherwise stated, the contentions are, that the court, without the consent of the plaintiff in error, charged the jury orally, and that such charge was not transcribed and filed within the statutory time.

This court judicially knows that official stenographers are appointed by the circuit court of the first circuit to attend its sessions, and the presumption is, nothing to the contrary appearing, that at the time the court charged the jury, an official stenographer was present in his official capacity and performing his duty. Moreover, as already observed, the record shows that he was present and taking notes of the charge as given by the court. Hence, the purpose of the statute, namely, that the charge of the court shall be preserved in tangible and permanent form, and not rest merely in the memory of man, was complied with.

The contention that the plaintiff in error is also entitled, as a matter of right, to a new trial merely because the stenographer failed to transcribe and file the charge of the court within the prescribed time, is without merit. The provisions of section 1799, which entitle a party, as a matter of right, to a new trial for failure of duty on the part of the court to charge the jury as therein directed, has no application where the stenographer fails to transcribe and file the charge of the court as required by section 1800. That the legislature only intended that a new trial should be granted, as a matter of right, for a failure of duty on the part of the court to observe the requirements of section 1799, and not for a mere failure of duty on the part of the stenographer to observe the requirements of section 1800, is obvious. See *Territory* v. *Maga,* 19 Haw. 157. That the charge of the court, in the absence of the consent of the parties,

should be preserved in some tangible and permanent form was doubtless deemed by the legislature of much greater importance than the mere transcribing of such charge by the stenographer.

The plaintiff in error relies upon *Hopt* v. *Utah,* 114 U. S. 488. That case is clearly distinguishable from the case at bar. The Utah statute, upon which the *Hopt* case is based, provides that the charge of the court to the jury "must be reduced to writing before it is given, unless by mutual consent of the parties it is given orally," and that the clerk within five days after judgment upon a conviction must annex and file the papers necessary to constitute the record, including "* * * 7. The written charges asked of the court and refused, if there be any; 8. A copy of all charges given and of the indorsements thereon." The Utah statute, it will be observed, does not contain a provision such as our statute contains, namely, "In cases where an official stenographer is present, and taking notes of the trial proceedings, it shall not be necessary for the court to reduce its charge to writing, but such charge may be given orally, and noted by such stenographer." Moreover, as far as the consequences of a failure of duty to observe the requirements of the respective statutory provisions is concerned, the distinction above noted between the two provisions of our statute does not exist between the two provisions of the Utah statute.

Whether the charge as given was a compliance with that part of section 1799, which requires "the manuscript of such charge" to be "signed by the court," or whether it was a compliance with that part of section 1802, R. L., which requires the court to write in the margin of the requests to charge the word "given" if approved, or the word "refused" if disapproved, we need not say. The charge, however, as given and noted by the stenographer was sufficient as an oral charge and was not erroneous.

Finding no error in the record the judgment of the circuit court is affirmed.

*Lorrin Andrews* for plaintiff in error.

*J. W. Cathcart, City and County Attorney,* for the Territory.