TERRITORY *v.* KENICHI KOBAYASHI, NAMARU FUJITA, KOSHICHIRO FURUSHIO, AND SAKU-SUKE TAKAMAKU, ALIAS SAKUSUKE TAKAMATSU.

No. 1305.

MOTION TO DISMISS WRIT OF ERROR..

ARGUED JANUARY 25, 1921.          DECIDED FEBRUARY 5, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

*Per Curiam:* This is a motion to dismiss the writ of error issued in the above entitled cause on the ground

that the plaintiffs in error have failed to file the necessary papers to constitute the record as provided by law and the rules of this court, although more than twenty days have elapsed since the issuance of said writ, in that there is no transcript of the evidence among the papers filed and that plaintiffs in error in their praecipe did not request the clerk of the circuit court to include the transcript of evidence as required by law and the rules of this court and that a transcript of the evidence in this case is necessary for a proper determination of the issues raised by the assignments of error as shown on the face thereof.

It is alleged in the motion and borne out by the record that the plaintiffs in error in their praecipe requested the clerk of the circuit court to send up a partial transcript of the evidence, which partial transcript has been filed, but it is further alleged in said motion that said partial transcript of the evidence is not sufficient to enable this court to determine the issues raised by the assignments of error.

Section 2524 R. L. 1915 as amended by section 4 of Act 44 S. L. 1919 prescribes what the record on writ of error shall be deemed to include and is as follows:

"The record shall be deemed to include the judgment, order or decree and the pleadings, and such other papers and things, including the verdict, decision, rulings, instructions, notes of exceptions, motions, clerk's minutes, exhibits, and transcript of the evidence, as may be designated in a praecipe filed by the plaintiff in error."

Rule 1 of this court is in part as follows:

"If the necessary papers are not filed in this court within twenty days after the issuance of a writ of error, perfecting of an appeal or allowance of a bill of exceptions or such further time as may be allowed by this court or a justice thereof the appeal may be dismissed for want of prosecution."

It of course cannot be successfully maintained in every case brought to this court on writ of error that a transcript of the evidence is necessary to a determination of the issues raised by the assignments of error. This would be especially true in a case where a demurrer to the sufficiency of an indictment had been overruled, and the defendant after conviction came to this court on writ of error and assigned no other error than the ruling on his demurrer to the indictment. Under no circumstances can we conceive that a transcript of the evidence in such a case would be a necessary part of the record. Other circumstances might be recited under which a transcript of the evidence would be unnecessary.

We think therefore that the solution of the question presented by the motion to dismiss the writ of error, namely, whether we have before us a sufficient record from which we may determine the issues raised by the assignments of error, depends upon an examination of the assignments of error and the partial transcript of evidence on file. If any one or more of the assignments of error can be passed upon with the record brought up clearly the Territory is not entitled to have the writ dismissed, but the case would be retained for the purpose of passing upon such assignment or assignments of error as can be examined and determined upon the record before us.

The first assignment of error after reciting facts which show that the plaintiffs in error were indicted for an assault upon Mahachi Ogata (a fact borne out by the record) continues as follows:

"That upon the trial of said indictment, one Ogata (claimed by the prosecution to have been and to be the person alleged in and by said indictment to have been assaulted by said defendants), having been called as a witness for the prosecution therein, was asked by the pros-

ecuting attorney to state his name, and said witness then and there stated his name to be Manpachi Ogata, and there was no testimony adduced upon said trial tending to show that the name of said last named witness was other than, or different from the name so testified by him as aforesaid, to wit, Manpachi Ogata,—nor was there any testimony adduced tending to prove that the assault charged in and by said indictment had been committed upon any person other than said last named witness.

"And counsel for said defendants, having at the close of the evidence taken upon said trial, and before said cause was argued or submitted to the jury therein, moved the court for an instruction to the jury to return a verdict of not guilty against said defendants, and each of them, because of the variance between the allegation of the indictment and the proof concerning the name of the person charged in and by said indictment to have been assaulted by said defendants,—the court overruled and denied said motion.

#### "FIRST ASSIGNMENT OF ERROR.

"And these petitioners and surviving defendants now respectfully allege said ruling of said circuit court to have been erroneous, and prejudicial to them, and to each of them."

The only testimony bearing on this assignment of error brought up in the partial transcript of evidence on file is the answer of the prosecuting witness to the questions calling for his name, and is as follows: "The Clerk: What is your name, please? A Manpachi Ogata. Mr. Stafford: Q Then you do not spell that M-a-h-a-c-h-i? The Interpreter: M-a-n-p-a-c-h-i." There is sufficient record before us to substantiate every statement contained in this assignment of error with the exception of the statement that "there was no testimony adduced upon said trial tending to show that the name of said last named witness was other than or different from the name so testified by him as aforesaid, to wit,

Manpachi Ogata,—nor was there any testimony adduced tending to prove that the assault charged in and by said indictment had been committed upon any person other than the said last named witness." As to these statements there is no way of substantiating them without a complete transcript of the evidence and this we have not before us.

Counsel for plaintiffs in error has stated in argument that if the Territory wishes to dispute his statement above quoted from his assignment of error and such evidence was adduced at the trial there is nothing to prevent it from bringing up such further portions of the evidence as will establish that fact. This argument ignores the fact that the burden of showing error is on the plaintiffs in error. We necessarily approach a case with the assumption that no error has been committed upon the trial and until this assumption has been overcome by a positive showing the prevailing party is entitled to an affirmance. It would require no argument or citation of authority to show that we would be unable to say that there was no testimony adduced at the trial tending to show that the prosecuting witness, Manpachi Ogata, was not also known as Mahachi Ogata. In the absence of a record showing that there was no such evidence we would have to hold that the circuit court properly submitted the matter to the jury.

The third assignment of error is to the effect that the verdict of the jury convicting the plaintiffs in error is contrary to the law and the evidence, and the fourth is to the effect that the judgment and sentence constitute error in law and are prejudicial to them in that they were convicted of the offense of an assault committed upon Mahachi Ogata, the person alleged in the indictment to have been assaulted.

The mere statement of the effect of these assignments

of error would seem to be sufficient to show that they cannot be intelligently examined in the absence of a complete transcript of the evidence adduced upon the trial.

The second assignment of error presents a somewhat different situation. Here the complaint is of the refusal of the court to permit a witness for the defendants upon being recalled after the prosecution had finished its rebuttal testimony to testify in regard to the date upon which he sent out invitations to his friends to attend a celebration of his daughter's marriage, as well as the date of the celebration. The transcript contains all that took place relative to the attempt to adduce this testimony, and it is said that the evidence was desired for the purpose of corroborating the evidence of the defendant Takamatsu and certain of his witnesses to the effect that said Takamatsu attended said marriage celebration in Honolulu on the same evening the assault is said to have been committed at Waipahu—in other words, to establish an alibi in behalf of Takamatsu. It appears from what took place in the attempt to adduce this testimony that Takamatsu and two other witnesses had testified that he, Takamatsu, attended said celebration in Honolulu on the evening of March 10, the evening on which the assault is said to have been committed at Waipahu, although neither the testimony of Takamatsu nor that of his witnesses is contained in the partial transcript brought up in support of the writ. The partial transcript does contain the evidence adduced by the prosecution in opposition to that of Takamatsu and his witnesses in this respect and consists of a showing by official records that the marriage in question took place on March 8. Counsel alleged surprise and asked to be permitted to show by the witness tendered, the father of the bride, that he on the 9th of March sent out invitations to his friends to attend at his home in Honolulu a dinner and celebration of his daughter's marriage on the evening of the

10th and that Takamatsu was present and took part in said celebration on said evening. Apparently realizing that the evidence was not offered at the proper time counsel appealed to the court to exercise its discretion and permit the evidence to go in, which the court declined to do. The discretion which the court exercises in regulating the order of receiving evidence is, we think, a judicial discretion and subject to review for abuse, and there is probably sufficient record before us to enable us to determine whether that discretion was abused in this case. In fact we feel that we would be compelled to hear counsel upon the merits of this assignment of error but for the fact that it affects only the defendant Takamatsu and he is not a party to the writ. The judgment and sentence pronounced against him has already been reversed by a higher court than this—a court from which there is no appeal. On July 31, shortly after his conviction and sentence, Takamatsu died, and that fact is shown by the record before us as an excuse for his not joining in the application for the writ of error.

We have discussed the record at some length to show that it is insufficient to enable us to intelligently consider the merits of the assignments of error. As pointed out in *Orpheum Co.* v. *Dimond & Co.*, 14 Haw. 577, it was within the power of the plaintiffs in error, if not their duty, to make the transcript of the evidence a part of the record. Counsel has stated that nothing is asked "by grace" and he is entitled to nothing as a matter of right. We therefore conclude that no purpose would be served by retaining the case upon the calendar.

The motion to dismiss the writ of error should therefore be granted and it is so ordered.

*H. E. Stafford*, Third Deputy City and County Attorney, for the motion.

*C. W. Ashford*, contra.