# TERRITORY OF HAWAII v. JAMES MONTGOMERY.

## No. 2760.

Submitted May 11, 1950.                    Decided June 8, 1950.

Kemp, C. J., Le Baron and Towse, JJ.

OPINION OF THE COURT BY TOWSE, J.

By verdict returned in paternity proceedings in the circuit court, the jury found the plaintiff in error to be the father of a child born to the applicant. He sued out writ of error specifying five errors.

The record embodies the following pleadings and proceedings had, both below and in this court, pertaining to the question presented.

Motion for judgment, notwithstanding the verdict, or in the alternative for a new trial, alleging six grounds, *viz.*:

1. That the verdict was contrary to the law, the evidence and the weight of the evidence. This ground is the subject of specified errors I, II and III;

2. That there was no evidence of sexual relations between the applicant and the defendant at a time when her child could have been conceived other than the uncorroborated testimony of the applicant herself, her credibility being thereafter impeached by proof of sexual intercourse with two other individuals about the time of conception. This ground is also the subject of specified errors I, II and III;

3. That the applicant testified falsely as to sexual relations with a third individual, which falsification appears and is disclosed by affidavit attached to the motion, it being impossible to have present the testimony of this witness at the first trial of the cause. This ground is likewise the subject of specified errors I, II and III;

4. That the verdict of the jury was rendered in the absence of the attorney for the defendant and without his consent, he being at the time engaged in another courtroom. This ground is the subject of specified errors IV and V;

5. That the court erred in refusing to grant defendant's motion for dismissal at the close of the Territory's case. This ground is the subject of specified errors I and II;

6. That the court erred in refusing to grant defendant's motion for a directed verdict. This ground is the subject of specified error III.

The motion was denied.

Request for transcript of evidence, order for tran-

script of evidence and the transcript of evidence are designated by the praecipe.

In this court, by stipulation, the parties consented:

"That the record in the Circuit Court of the First Judicial Circuit, exclusive of the transcript of proceedings, may be filed forthwith in this Court;

"That the Defendant-Plaintiff-in-Error may have up to and including the 1st day of October, 1949 within which to file the transcript on appeal in this Court."

The stipulation is prefaced by the following allegations: That Olaf Oswald, official reporter in the court below, was ill at all times since the rendition of the verdict in the circuit court and unable to prepare a transcript of the evidence and rulings had at the trial; that the said Olaf Oswald's shorthand notes cannot be accurately transcribed by any other official reporter; that the defendant relies in his assignment of errors upon said evidence and rulings reported by Olaf Oswald and that the said evidence and rulings are in dispute and unable to be furnished with certainty to this court by any other means than through the transcript of said evidence and rulings by said Olaf Oswald himself.

In the foregoing state of the record, the plaintiff in error now moves to annul and avoid the judgment and verdict of the trial court, and to remand the cause for a new trial alleging: That it would be and is necessary in order to determine the validity of defendant's assignment of errors that this court have before it the entire transcript of proceedings had in the circuit court; that thirteen witnesses testified in the circuit court and the testimony of twelve was entirely reported by the said Olaf Oswald, and a substantial portion of the testimony of the thirteenth witness was likewise reported by the said Olaf Oswald; that all of said testimony reported by Olaf Oswald is

necessary to a determination of the validity of defendant's said assignment of errors; that the motion, rulings, and exceptions thereto, noted by the defendant and the subject of the assignment of errors herein, were reported by the said Olaf Oswald; that on or about December 22, 1948, the date of the verdict returned in the circuit court, the said Olaf Oswald entered a hospital and was continuously thereafter and to the date of his death on June 26, 1949, ill and unable to transcribe his shorthand notes save and except one and one-half pages thereof which were transcribed prior to his death with great effort and danger to his health; that said Olaf Oswald was unable to complete the same and the said transcript is now and will be forever unavailable to this court for the reason that the said Olaf Oswald in reporting said proceedings used as a basis thereof a system of shorthand reporting known as the "Cross Electic System" which system he had so modified that it became unique and peculiar to himself alone; that his shorthand notes in said cause cannot be transcribed by any other person; that the defendant at all times since the rendition of the verdict exerted every possible effort and due diligence in his attempt to obtain the transcript of the proceedings from the said Olaf Oswald, but through no fault of the defendant or anyone acting on his behalf, it was impossible to do so except as above noted; that in the testimony of the twelve witnesses and in a substantial portion of the testimony of the thirteenth witness, there are contained numerous facts and circumstances which fully and completely sustained the defense in the circuit court and now before this court upon defendant's assignment of errors; that to prevent injustice, it would be just and equitable that the verdict and judgment predicated on the foregoing be annulled and avoided and a new trial ordered so that this court,

if necessary, may finally determine the issues of the cause.

The record has been set forth at length, for within it rests the response to the question presented: Whether or not there is before this court a sufficiently reviewable record upon which the issues raised by the assignment of errors may be determined. Decisive of this is the nature and subject matter of the errors specified and the effect thereon of the noninclusion of the transcript of the testimony in the record on review.

The rules established by the authorities invoked in support of and contra the motion are premised upon singularly contrary principles. Where a new trial is granted, it is accorded as a sympathetic and bounteous matter of course. Where a new trial is denied, the denial is predicated upon lack of jurisdiction and power of review, and want of sequential revisory power of remand to grant a new trial. Relief is denied upon the settled principle that the jurisdiction and power of review and companion power of remand of an appellate court are so inherently statutory in nature and genesis, that neither can be invoked unless sanctioned by statute. The divergent rules are applicable even though the record or a substantial material portion thereof, without which the errors assigned could be passed upon, has been lost or destroyed without possibility of substitution and through no fault or negligence of either party litigant, or made unavailable by an act of providence for which no one is responsible; and even though the inability to produce the entire record for review is through no fault or lack of diligence on the part of the party seeking review.

Appellate review is neither a constitutional right nor is it guaranteed by our Organic Act. It is exclusively legislative in nature, and conformance with the methods and procedure prescribed is obligatory.

Inability to perfect a record on appeal is not encompassed in our statutory grounds for the granting of a new trial nor is the granting of a new trial a matter of right in this jurisdiction. The right thereto is founded upon, and limited by statute.

"The contention that the plaintiff in error is also entitled, as a matter of right, to a new trial merely because the stenographer failed to transcribe and file the charge of the court within the prescribed time, is without merit * * *. That the legislature only intended that a new trial should be granted, as a matter of right, for a failure of duty on the part of the court to observe the requirements of section 1799, and not for a mere failure of duty on the part of the stenographer to observe the requirements of section 1800, is obvious." *Chung Nung* v. *Territory,* 21 Haw. 395, 397.

The question presented, therefore, resolves itself into one of jurisdiction and power of this court to grant a new trial for inability of the plaintiff in error to perfect the record before us.

Section 9604 of Revised Laws of Hawaii 1945 provides in part: "The supreme court shall have appellate jurisdiction to hear and determine all questions of law, or of mixed law and fact, which shall be *properly brought before it* on * * * error * * * *duly perfected* * * * *according to law* * * *." (Emphasis added.)

If the errors urged have been properly lodged before this court by way of writ of error, duly perfected according to law, a hearing and determination thereof is mandated. The transcript of the testimony of the witnesses, however, constituting as it does a necessary and indispensable portion of the record to the determination sought, is admittedly forever unavailable; and the issuance of the writ of error and the perfecting of the instant appeal,

barren of this prerequisite, does not as a procedural compliance operate to confer the requisite jurisdiction and power in this court to hear and determine the questions presented by the specified errors. The record itself must operate to yield this prerequisite.

"On looking at the record, we cannot find that any writ of error was issued in this case * * *. The case was never properly before the Court; and had the Court's attention been drawn to this circumstance it would not have heard the argument * * *." *Ahin* v. *Widemann*, 7 Haw. 333, 335.

"The term, 'writ of error,' * * * 'must be taken in its common law acceptation * * * being a proceeding aimed at final judgment in a case in which error is claimed to have been committed, for the purpose of bringing up the record in order that the error may be rectified.' *Kaehu* v. *Namealoha*, 20 Haw. 516, 517." *Ramsey, Ltd.,* v. *City & County*, 29 Haw. 242, 243.

"On error * * * the entire record is brought up, and the judgment of the appellate court is such as the facts and law warrant as shown by the entire case." *Territory* v. *Cotton Bros.,* 17 Haw. 374, 379, 380.

Section 9606 of Revised Laws of Hawaii 1945 designates the incidental powers of this court. It provides in part: "The supreme court shall have power * * * to do all such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to it by law or for the promotion of justice *in matters pending before it."* (Emphasis added.)

This section, as does section 9604, limits the exercise of the incidental powers granted to matters pending before it; and we are unable to discern in it any interpretation which would warrant the amplification of its expressed provisions to include the exercise of the power to grant a new trial by predicating that incidental power upon a

patently defective record. Pendency connotes the concluded status, the ultimate presentation for determination of a reviewable cause transferred to this court in the manner and form required by law. The record does not so conform, for the matter now pending is the hearing and determination of the errors assigned, which determination is rendered impossible of accomplishment without resort to the transcript of the testimony of the witnesses.

"We cannot, on a writ of error, invade the province of the jury and say that they formed wrong conclusions from the testimony, when the testimony upon which they based their conclusions does not come up as a part of the record * * * we can find no case where a writ of error has been allowed for this purpose." *Kekaua and Paoa* v. *Kalei and Malia Kaluahi*, 3 Haw. 713, 714.

Appellate jurisdiction and the power of review being as it is, exclusively statutory, the parties to a cause cannot by stipulation confer, invade, or enlarge that grant. The stipulation of June 21, 1949 cannot operate to accomplish that end.

Section 9554 of Revised Laws of Hawaii 1945 provides: "The record shall be deemed to include the judgment, order or decree and the pleadings, and such other papers and things, including the verdict, decision, rulings, instructions, notes of exceptions, motions, clerk's minutes, exhibits, and *transcript of the evidence, as may be designated in a praecipe* filed by the plaintiff in error." (Emphasis added.) The praecipe herein designates the order for the transcript of the evidence and the transcript of evidence itself.

A record on review, which does not contain an item duly designated by praecipe, is not a record within the terms of the section. An appellate court cannot in-

quisitorially search a record in quest of errors assigned where, as in the instant record, an affirmative pleading alleges that the subject matter necessary to effect a determination of the issues raised is not included within the record presented.

"This court cannot be expected to wander out into the realms of imagination in search for visionary errors or to presume that errors might have occurred in the course of the trial. Every presumption that a court may rightfully entertain in a criminal cause is in favor of the record and the regularity of the proceedings of the trial court. The duty is incumbent on the petitioner alleging error to make the same manifest by bringing the record before the appellate court so as to disclose either that the things complained of were not done in the manner provided by law or were done in a manner prejudicial to the rights of the petitioner. We cannot presume error in the absence of the record." *Oriemon* v. *Territory of Hawaii,* 13 Haw. 413, 415. (See also 9 Haw. 272 and 19 Haw. 157.)

"It also appears that there is no transcript of the evidence in the record although it is admitted that there was evidence introduced in the Circuit Court. We could not consider this assignment without the transcript before us." *Orpheum Co.* v. *Dimond & Co.,* 14 Haw. 522, 523.

And upon motion for rehearing: "If the writ of error was sued out in good faith, and we assume that it was, and the assignment of errors was intended to present any meritorious questions to this Court for review, it was essential that a transcript of the evidence in the Circuit Court, if there was any evidence given there, should have been made a part of the record before the cause was presented to this Court in any form. This is clearly indicated in the opinion heretofore filed * * *. The failure of plaintiff in error to make a transcript of the proceedings

and evidence taken in the Circuit Court a part of the record is sufficient reason for dismissing the writ." *Orpheum Co.* v. *Dimond & Co.,* 14 Haw. 577, 578, 579.

The motion seeks to annul and avoid the verdict and judgment of the circuit court. Section 9564 of Revised Laws of Hawaii 1945 provides in part: "The supreme court may affirm, reverse or modify the order, judgment or sentence of the trial court. It may enter such order, judgment or sentence, or may remand the case to the trial court for the entry of the same or for such other or further proceedings, as in its opinion the facts and law warrant. It may correct any error appearing on the record.

"But no order, judgment or sentence shall be reversed or modified *unless the court is of the opinion that error was committed* which injuriously affected the substantial rights of the plaintiff in error." (Emphasis added.)

The power thus conferred is exercisable only to correct error appearing on the record. The proviso that no order, judgment or sentence shall be reversed or modified, unless the court is of the opinion that error was committed, predicates the exercise of this court's revisory power upon disclosure of error committed upon trial as made manifest by the record on review. To conclude that error exists, the requisites upon which to predicate that conclusion must affirmatively appear. The motion is predicated upon all of the pleadings and the entire record in this court. However, movant's allegation of incorporation by reference cannot endow the record before us with the admitted deficiency. The transcript of the testimony of the witnesses below constitutes, in the circumstances, an indispensable ingredient of the record upon review.

That a transcript of the evidence is not a prerequisite to the determination of the issues raised by an assign-

ment of errors in every case on review has been held in *Territory* v. *Kobayashi,* 25 Haw. 762, 764, 766. "It of course cannot be successfully maintained in every case brought to this court on writ of error that a transcript of the evidence is necessary to a determination of the issues raised by the assignments of error. This would be especially true in a case where a demurrer to the sufficiency of an indictment had been overruled and the defendant after conviction came to this court on writ of error and assigned no other error than the ruling on his demurrer to the indictment. Under no circumstances can we conceive that a transcript of the evidence in such a case would be a necessary part of the record * * *. We necessarily approach a case with the assumption that no error has been committed upon the trial and until this assumption has been overcome by a positive showing the prevailing party is entitled to an affirmance * * *. In the absence of a record showing that there was no such evidence we would have to hold that the circuit court properly submitted the matter to the jury."

In *Territory* v. *Kunimoto,* 37 Haw. 591, this court held in respect of its revisory jurisdiction and power conferred under section 9564 of Revised Laws of Hawaii 1945 that in circumstances such as presented by the record before us, revision may be mandated only upon a manifest showing from the evidence that error was committed.

"Under section 9564 of Revised Laws of Hawaii 1945, the supreme court has revisory jurisdiction and power in a criminal case on writ of error to modify by reducing any sentence when, in the court's opinion from the evidence, the sentence is excessive and in imposing it error was committed which injuriously affected the substantial rights of the defendant. (*Ter.* v. *Chong,* 36 Haw. 537.) * * *. Nevertheless, the judicial power should be exercised with

caution and only upon a manifest showing from the evidence * * *." *Territory* v. *Kunimoto,* 37 Haw. 591, 596.

This court recently in *Cragen* v. *Halm,* 38 Haw. 522, in reiterating the inherent character and office of writ of error as a vehicle for review noted: "* * * the entire record is brought up, and the judgment of the appellate court is such as the facts and law warrant as shown by the entire case."

The motion does not present any issue necessitating a determination of the effect of any acts of commission or omission on the part of either or both of the parties causing or resulting in the present state of the record. In contrast therewith, it affirmatively appears that the transcript was, is, and will be in the future unavailable through no act, fault, or failure of either party. The record on the one hand, by way of stipulation, negates that a transcript of the evidence is to be included in the record on review; and on the other hand asserts the affirmative position of the movant that he relies solely and exclusively on the nonexistent transcript of testimony. These asserted positions are inconsistent and untenable.

A sympathetic disposition of the status of litigants inculpably placed in circumstances presented by the instant record is expressed in *Stenographer Cases,* 100 Me. 271, 276; 61 Atl. 782, 784.

"The presumption that a verdict is right until shown to be wrong should protect it at least, until the defeated party brings himself within the statute. That he cannot bring himself within the statute is the party's misfortune, and it may be to his injury. But however grievous it may seem to him, we think the statute has not confided to us the power to relieve him from his misfortune, any more than it has in other instances to relieve litigants of their many other misfortunes * * *. These parties have had

their constitutional day in court. They have been overtaken by a misfortune from which we have no authority to grant them relief. They must abide the result."

The motion is denied.

Assigned errors numbered 4 and 5 are, however, directed to subject matters of record. Under the authority of *Territory* v. *Kobayashi, supra,* the motion is denied without prejudice to plaintiff in error to pursue his review of these two specifications.

*W. C. Ingman* for the motion.

*W. D. Godbold,* City and County Attorney, and *R. K. Kono,* Deputy City and County Attorney, contra.