Beck, J.
It is insisted by appellant that the amount allowed plaintiff as alimony is excessive, when considered in connection with his pecuniary ability and the property owned by him, and that the time allowed him for payment . is too brief.
It appears that defendant owns no property other than a homestead. The evidence as to its value is somewhat conflicting, but warrants us in concluding that $4,000 is a fair estimate. It is claimed that defendant owes large amounts *346 to his father and others. The evidence upon this point does not enable us to determine satisfactorily the amount of his indebtedness, or whether any portion of it be a lien upon the homestead, which was occupied by the parties while they lived together. We know of no rule of law fixing the amount to be allowed to the wife in such case. Each case must depend upon its own peculiar facts for determination. In view of the circumstances of this case, and especially of the treatment received by plaintiff from defendant, and his habits of life which rendered it impossible for his wife to live with him, we are not inclined to interfere with the decree of the district court fixing the amount of alimony.
In our opinion,, the time for the payment to plaintiff should be modified and extended. The time of payment fixed in the decree may require the sacrifice of the property. A decree will be entered in this court modifying the decree of the court below so that $300 of the amount be paid in ninety days from the rendition of the decree in this court, $500 in nine months, and $500 in eighteen months. In case of failure to make the payments as herein provided for, the property shall be sold for the whole amount of alimony allowed and remaining unpaid. Special execution shall in such case issue upon the decree.
Modified and affirmed.