*W. A. Kinney*, for petitioner.

*C. W. Ashford*, for respondent.

---

## KAUIMAKAOLE LAZARUS *vs.* JOSEPH LAZARUS.

SEPARATION AND ALIMONY, ON EXCEPTIONS.

HEARING, DECEMBER 28, 1893.    DECISION, JANUARY 24, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The Court refused to disturb the order awarding alimony, on a petition for separation.

OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on a duly allowed bill of exceptions, in which the petitioner excepts to the order, opinion, finding and decree of Judge Cooper, 2nd Judge of First Circuit, dated November 30th, 1893, and more particularly to that portion thereof fixing plaintiff's permanent alimony at seven dollars ($7.00) per week, on the ground that such finding is contrary to law and evidence and the weight of evidence, and is an abuse of discretion on the part of the Court.

The following stipulation was filed and agreed to by the parties to these proceedings :

### STIPULATION.

"The parties hereto, by their respective counsel, stipulate and agree that the evidence presented to the Court in the case of *Joseph Lazarus vs. Kauimakaole Lazarus*, on a libel for divorce, heard and decided by this Court at the August Term, 1893, thereof, may be read and considered by the Court in this cause, and shall be deemed to have been

presented herein, and shall be allowed the same effect, both as to the written and oral evidence aforesaid, as though the same had been filed and the witnesses therein had been sworn and had orally testified in this cause. And that all affidavits heretofore presented and read in this cause, upon the application of the petitioner herein for temporary alimony, and all affidavits and documentary proofs in opposition to the said application shall be likewise considered in evidence herein.

" And that each party shall be at liberty now and here to introduce further testimony touching the question of alimony only."

The amount of alimony ordered in matters of this nature rests in the discretion of the Court upon the evidence adduced, and can only be interfered with where there is shown an abuse of discretion, or where there is strong reason for doing so.

It appears from the evidence that the respondent owns certain real estate and corporation stocks, and that the estimated possible gross income from these properties is about $128 per month, providing the houses are all occupied by permanent tenants; against this income there are the taxes, insurance, repairs, etc., etc., which would make the net income much less. It also appears that this income is uncertain in its nature. It is also shown that respondent gave petitioner a premises on Beretania street, having two cottages and out buildings on it, and that she still has and owns this property, and now occupies and uses it. On the 22nd day of May, 1891, the said Lazarus and his wife executed a deed of separation, by which this respondent transferred and delivered to his said wife all the furniture and personal property then in the house occupied by them, excepting the safe of said Lazarus; and the said Lazarus agreed to pay to John S. Walker during the lifetime of his said wife (this plaintiff) for her use and maintenance the sum of twenty-five dollars per month, and she agreed not to claim or demand of said Lazarus during his lifetime any other aid, support or thing whatsoever. On the 20th day of

November, 1891, the petitioner and respondent executed an agreement wherein they mutually agreed to cancel the said indenture of the 22nd of May, 1891, except as to the sale and transfer therein made of personal property to said Kaui-makaole Lazarus; and agreed to live together as man and wife from the first day of December, 1891. This they did. The reconciliation did not last long, and they had trouble again, which eventually led to these two suits. So it will be seen that these parties both agreed at the time of their mutual separation that twenty-five dollars per month was enough for the maintenance of the petitioner in this case, whereas the Court has now ordered a larger allowance of $7 per week, which is at the rate of $30 per month.

Under all the circumstances of this case, we are of the opinion that there has been no abuse of discretion on the part of the Court. Should the circumstances change at any future time, it is always open to either party to apply to the Circuit Court to increase or diminish the amount of alimony now ordered.

Exceptions are overruled.

*W. A. Kinney*, for petitioner.

*C. W. Ashford*, for respondent.