CAROLINE A. LAING *v.* ROBERT LAING.

ROBERT LAING *v.* CAROLINE A. LAING.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 24, 1895.     DECIDED JANUARY 3, 1896.
JUDD, C.J., AND FREAR, J.

A decree granting or denying a divorce, like the verdict of a jury, cannot be set aside if there is sufficient evidence to support it.

The amount of alimony rests in the sound discretion of the trial court, subject to modification on exceptions only for cogent reasons.

A new trial will not be granted for the introduction of newly discovered evidence which is merely cumulative; nor for the admission of new witnesses known at the time of trial, but to procure whose attendance due effort was not made; nor for the admission of a new witness although unknown at the time of trial, unless the testimony which such witness would give is shown by an affidavit of the witness himself, or unless good cause is shown for the absence of such affidavit.

OPINION OF THE COURT BY FREAR, J.

Caroline A. Laing sued for a divorce from her husband, Robert Laing, on the grounds of extreme cruelty and non-support, and he, by cross-bill, sued for a divorce from her on the grounds of extreme cruelty and habitual intemperance. The Circuit Court granted her a divorce on both of the grounds set up, and $18.00 per month alimony until further order, but refused him a divorce, and refused his motion for a new trial based on the ground of newly discovered evidence. Exceptions were taken to these rulings.

The evidence shows a chronic state of domestic discord between the parties, resulting not infrequently in the exercise of personal violence upon each other, perhaps chiefly on the husband's part; also more or less addiction to the use of intoxicating drinks, chiefly on the wife's part; and his ultimate desertion from her and failure to support her. Whether the evidence is such as to entitle one or the other, or each, or neither, to a divorce is a question upon which there is room for considerable difference of opinion. It is unnecessary for us to state to what conclusion we should probably come if the case were before us *de novo*, for we must consider the decision of the trial court in the light of a verdict of a jury, and, there being sufficient evidence to support it, we cannot reverse it. *Kilikina v. Hake*, 9 Haw. 603.

The amount of alimony rests in the sound discretion of the trial court under all the circumstances of the case, and is subject to modification on exceptions for cogent reasons only. In this case each party had a little property in a foreign country, none here. He had until lately been in receipt of a salary of $70.00 per month, but has since been out of employment; she has and has had no employment. There were no children by this marriage; by a former marriage she had one child and he two children. The parties have been married only about two years. Each has been greatly at fault. In February, 1895, he agreed to pay her $25.00 per month during an agreed separation for four months. In view of these facts, undoubtedly this is a case in which the wife should receive but little alimony, and the Circuit Judge expressed himself in effect as of the same opinion and in allowing $18 per month until further order he allowed what he considered just under all the circumstances, and we cannot say that he abused his discretion. *Lazarus v. Lazarus*, 9 Haw. 352. The wife's needs and the husband's capacity, as well as her faults, are to be considered—even in the case of a divorce by a husband from his wife for her fault—that she may not suddenly be thrown upon the world in a helpless condition and become a burden to others. The amount of alimony is sub-

ject to change by the trial court. We are also informed that Mrs. Laing has offered, and is still willing, to accept $25 for counsel fees and $250 for herself in lieu of alimony.

The motion for a new trial on the ground of newly discovered evidence is based solely on an affidavit by Mr. Laing that five certain persons, naming them, would, if a new trial should be granted, give certain testimony which is set forth. The evidence is, at least for the most part, merely cumulative. The testimony which it is claimed four of the persons would give is not newly discovered. It was known to Mr. Laing and his counsel, and the witnesses were expected to be present at the trial, but they were not subpœnaed and due effort was not made to procure them, and no request was made for a continuance so that the persons might be brought in, but, on the contrary, the case was submitted apparently on the belief that their testimony was not needed. As to the remaining person, without commenting on the fact that the events to which she is supposed to be willing to testify took place after the commencement of the suit, and are such as would not be likely to have effected a different result if they had been in evidence, we need merely call attention to the fact that there is no affidavit by herself as to what she would testify, and no excuse shown for the absence of such an affidavit. Mr. Laing's affidavit, so far as it relates to this person, appears to be based on hearsay merely. The motion was properly overruled. *Lopez v. Kaiaikawaha,* 9 Haw. 27; *Napahoa v. Chinese Union,* 7 Ib. 379; *The King v. Makamaka,* Ib. 394.

The exceptions are overruled.

*W. A. Kinney,* for C. A. Laing.

*E. P. Dole* and *G. A. Davis,* for R. Laing.