Smith v. Smith.

---

TALITHA T. SMITH, APPELLEE, V. ELI M. SMITH, APPELLANT.

FILED JUNE 7, 1900. No. 10,419.

Alimony. The amount allowed as permanent alimony should be just and equitable, due regard being had to the rights of each party, and should be made payable at such time or times as, considering the ability of the husband, the estate of the wife and the situation of the parties, would seem just.

APPEAL from the district court of Cass county. Heard below before RAMSEY, J. *Decree modified.*

*Samuel M. Chapman,* for appellant.

*H. D. Travis, contra.*

NORVAL, C. J.

This cause was advanced and submitted upon an agreed printed abstract of the record in pursuance of the rules of this court. The suit was for divorce and alimony. A decree of divorce was entered in behalf of the plaintiff, and the defendant was adjudged to pay within twenty days the sum of $1,450 as permanent alimony

22

in addition to $150 previously allowed plaintiff as suit money, and defendant was also decreed to pay $200 as fees to plaintiff's attorney. The defendant has appealed from that portion of the decree relating to permanent alimony and attorney's fees.

A careful perusal of the printed abstract discloses that the evidence on the question of value of the defendant's property was more or less conflicting. There was evidence conducing to show that his real estate was of the value of $3,000 and that he owned personal property of the amount of $2,500. He owed considerable. The allowance of $1,450 was justified by the evidence, although $1,000 would have been a more reasonable allowance in view of the testimony adduced by the defendant. We are persuaded the district court erred in requiring the entire amount of alimony to be paid in so short a time as twenty days. To pay it would necessitate the sale of the farm; and would embarrass the defendant financially. The decree is modified by requiring the defendant at his election to pay within sixty days the sum of $1,200 as permanent alimony, or in lieu thereof the sum of $1,450 in four equal annual payments, the first of which to be made July 1, 1900, and a like sum on July 1 of each succeeding year until the full sum of $1,450 is fully paid. Interest to be computed at seven per cent from July 1, 1900, on any balance that may thereafter remain unpaid.

The allowance of $200 as attorney's fees was reasonable and proper, and the decree in that respect, as well as to costs, is upheld.

DECREE MODIFIED.