MAGGIE MILLS, APPELLEE, v. WILLIAM H. MILLS, APPELLANT.

FILED FEBRUARY 28, 1911. No. 16,332.

1. **Divorce:** EXTREME CRUELTY. There may be extreme cruelty justifying a decree of divorce without physical injury or violence. Unjustifiable conduct on the part of husband or wife, which utterly destroys the legitimate ends and objects of matrimony, may constitute extreme cruelty. *Myers v. Myers*, p. 656, *post.*

2. ———: ALIMONY. Where property, variously estimated to be worth from $4,000 to $5,600, has been accumulated by the joint efforts of

husband and wife continued for about 30 years, and in a case where there are no dependent children, and the plaintiff is 64 years old and in weak and infirm health, the discretion of the district court in awarding the plaintiff $2,500 as permanent alimony was properly exercised and will not be interfered with.

APPEAL from the district court for Wheeler county: JAMES R. HANNA, JUDGE. *Affirmed.*

*J. R. Swain* and *H. C. Vail,* for appellant.

*A. M. Robbins, T. D. Meese* and *H. A. Robbins, contra.*

LETTON, J.

This is an action for divorce and alimony, which resulted in a decree granting plaintiff a divorce on the ground of cruelty and allowing her the sum of $2,500 as alimony. The defendant has appealed. He contends that the evidence is not sufficient to sustain the decree of divorce, and that the alimony is excessive.

We consider it unnecessary to relate the testimony at length. The plaintiff is a woman 64 years of age. She was married to defendant about 30 years ago. At the time of the marriage the defendant's property consisted of a team of horses, and a timber claim entry in Wheeler county, which is now a part of the home farm. After the marriage they settled upon this land, but, as was not uncommon in pioneer days, it was found necessary that money be earned elsewhere in order to maintain existence. The plaintiff worked as a cook in hotels in neighboring towns for a part of each year for about 17 years, while the defendant worked at different times at teaming for the government, and others. It is evident that the plaintiff is a hardworking, clean, and industrious but sickly woman, and that the defendant is a man of gruff manners, strong will, coarse language, and careless ways. There is no evidence of actual violence on his part against his wife, but there is ample proof of cruel, unfeeling, and harsh treatment of her. The plaintiff seems to have been

singularly liable to accidents resulting in fractures of her upper and nether limbs. The last incident of this kind occurred in 1908. At this time she fell and broke the bones of her wrist when procuring water at the flowing well near the house. She testifies in detail to the harsh language and the cold and unfeeling conduct of defendant at that time and while she was partially disabled by the accident, and his own testimony in regard to this occurrence corroborates her. While the defendant was a good provider of food, this seems to have been all that he thought it was his duty to supply beyond the barest necessities in the way of house room, furniture, and clothing. The case falls under the rule of *Ellison v. Ellison*, 65 Neb. 412. It is unnecessary to refer to the argument on condonation. Sufficient cruelty has been proved since plaintiff's return to make a case. From the whole record we think the testimony justifies and requires the decree.

It is contended that the alimony allowed is excessive. There are no children in the family. The defendant's property is the product of their joint labor. Some years ago there was a separation by mutual consent and the plaintiff was absent for some time, and during this period defendant contributed but little to her support. The preponderance of the evidence seems to be that the property, after deducting the mortgage debt, is worth at least $5,000. If, as some witnesses testify, the farm is worth $35 an acre, then the entire property is worth at least $6,600. If we accept the lower estimate as the actual value, the court awarded the plaintiff about one-half of the joint accumulations. The evidence shows that the wife had worked just as hard and strenuously, and presumably had passed through as many hardships, in order to accumulate this property, as the husband. The privations of pioneer life are apt to bear harder on a lonely and childless woman on a sand-hill claim than on a man who is free to move about. The plaintiff has now reached an age and is in such a state of health and strength that it is hardly probable that she will be able to earn her own support, while

defendant has no children to maintain and apparently is in much better mental and physical condition to take care of himself for the remainder of life. If we accept the higher estimate of the value of the land, the justice of the decree is still more apparent. Each case must be governed by its own circumstances as to the amount of alimony. *Walton v. Walton,* 57 Neb. 102; *Smith v. Smith,* 60 Neb. 273; *Metcalf v. Metcalf,* 73 Neb. 79.

The judgment of the district court is affirmed, but defendant is to be credited on the judgment with the amount of temporary alimony he has paid since it was rendered.

AFFIRMED.