## HALAWA PLANTATION, LIMITED, A CORPORATION, v. COUNTY OF HAWAII.

ERROR TO CIRCUIT COURT, THIRD CIRCUIT.

HON. J. A. MATTHEWMAN, JUDGE.

SUBMITTED JULY 26, 1915.        DECIDED SEPTEMBER 24, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

COUNTIES—*negligence of employees—demurrer.*

A demurrer to a complaint alleging facts showing an injury to private property resulting directly from the negligence of road employees of a county acting within the scope of their employment is properly overruled. Following decisions in *Matsumura* v. *County of Hawaii,* 19 Haw. 18 and 496.

DISMISSAL AND NONSUIT—*dilatory motion.*

A motion for nonsuit made after the defendant has introduced evidence in support of his defense comes too late and should be denied on that ground.

DAMAGES—*contributory negligence.*

In an action for damages on account of injury to a growing crop of cane caused by a fire negligently started by defendant's servants on a highway near the plaintiff's cane-fields the fact that the plaintiff, who had no notice that the fire was to be started, had permitted dead grass and dry leaves to remain on the space between such highway and cane-fields would not permit a finding by the jury of contributory negligence on the part of the plaintiff. The requested instruction submitting the question of contributory negligence was properly refused.

Halawa Plantation v. County of Hawaii, 22 Haw. 753.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff commenced this action to recover from the defendant county damages for loss and injury to a growing crop of cane caused by fire alleged to have been negligently started by road employees regularly employed and authorized to repair a road near the property of the plaintiff by the defendant. To the complaint the defendant demurred upon the grounds that the complaint did not state facts sufficient to constitute a cause of action; that the defendant, being a body corporate and politic, is not liable for the alleged negligent acts; that repairing roads is a governmental function, and that defendant is not liable in the exercise thereof for wrongful or negligent acts of its servants or employees; that there is no statute under which defendant can be held liable. The plaintiff joined in the demurrer which was overruled by the court. The defendant's answer is a general denial. The cause was tried before the court and a jury. At the close of the evidence the defendant moved for a nonsuit, which was denied. The defendant then moved for a peremptory instruction to find for the defendant, which motion was also denied. The jury returned a verdict in favor of the plaintiff upon which judgment was regularly entered. The defendant moved for a new trial on the ground that the verdict is contrary to law, contrary to the evidence and contrary to the weight of the evidence, which motion for a new trial was denied. The cause comes here upon writ of error. We summarize the assigned errors as follows: The court erred (1) in overruling the demurrer; (2) in overruling the motion for nonsuit; (3) in overruling defendant's motion for a directed verdict; (4) in giving plaintiff's requests for instructions Nos. 1, 2, 3, 5, 6 and 7; (5) in failing to instruct the jury upon the question of contributory negligence, and (6) in overruling defendant's motion for a new trial.

1. The demurrer was properly overruled. The complaint alleged probative facts showing that the road employees of the defendant, acting within the scope of their employment, negli-

gently started a fire on a highway near the cane-fields of plaintiff; that the space between the point where the fire was started and such cane-fields was covered with inflammable material—dry grass and lauhala leaves—and that the fire spread to said cane-fields and destroyed a large amount of cane to the injury and damage of the plaintiff. The facts alleged show negligence on the part of the servants of the defendant and that such negligence was the proximate cause of the injury alleged. The liability of the defendant county for such negligence is settled in this jurisdiction by the decisions in *Matsumura* v. *County of Hawaii*, 19 Haw. 18 and 496. We are inclined to believe that we would hold otherwise if this was a case of first impression, but, the rule that a county is liable for the injury to private property caused by the negligent acts of its road employees, acting within the scope of their employment, having been announced in the first decision in the *Matsumura* case (19 Haw. 18), and reaffirmed in the same case in the later decision (19 Haw. 496), and the legislature having met in four regular sessions since the announcement of such rule without enacting any statute adopting a different rule, we must consider that the legislature has acquiesced in the rule announced.

2. The motion for a nonsuit was properly overruled on the ground that it was made after the defendant had introduced evidence in support of its defense, and came too late. Said motion was based upon the same grounds stated in defendant's demurrer to the complaint.

3. The defendant's motion for a directed verdict was based principally upon the ground that the defendant as a body corporate and politic is not liable for the negligent acts of its employees, acting within the scope of their employment, and was properly denied for the reasons heretofore given for overruling the demurrer.

4. We have carefully examined the instructions given by the court at the request of the plaintiff, complained of, in connection with the entire charge of the court to the jury, and find

no error therein. Defendant's objection to the said instructions is based principally upon the ground that the defendant, being a body corporate and politic, is not liable to plaintiff for the negligent acts of defendant's road employees, which position is untenable.

5. The defendant requested the court to instruct the jury upon the question of contributory negligence to the effect that although the jury should find that the injury to the plaintiff was caused by certain specified acts of negligence of the employees of the defendant, yet, if the jury should find from the evidence that the plaintiff was negligent in permitting the space intervening between the road where the fire was started and the cane-fields of the plaintiff to remain covered with dead grass and leaves from lauhala trees there growing, that this was contributory negligence on the part of the plaintiff and that the verdict should be for the defendant. This request was properly denied. It involved the proposition that it was the duty of the plaintiff to keep a space outside of its cultivated fields clear of inflammable material, and failing to do so could not recover for damages sustained by the negligence of defendant's road employees in starting a fire on the road contiguous to such inflammable material. It is apparent that the fire was not started by accident, but intentionally and for the convenience of defendant's servants. The authorities cited by the defendant in support of the aforesaid proposition are cases where fires have been started from sparks emitted by steam engines running upon railways. We do not consider those authorities applicable to the case at bar for the reason that in such cases the adjoining owner has knowledge that fires are liable to occur from accident by the emission of sparks from steam engines daily traveling along the railway and he should take the precaution to keep inflammable material off of his own premises within the known danger zone. Here no such known danger existed and the plaintiff had no reason to apprehend danger to its property from fires likely to be started by accident, and the injury that it sustained was not

caused by fire started by accident. The law does not require any one to take precautions against unknown intentional wrongful acts of another, nor make it his duty to presume that another will intentionally do a wrongful act that will result in injury to his property. If the failure of the plaintiff to keep the intervening space between the highway and its fields clear of leaves and dead grass is contributory negligence it is such by reason of some rule of law imposing this duty upon it, in which event such failure might be held, as matter of law, to have contributed to the injury sustained. The requested instruction was based upon the presumed existence of such rule of law, but we know of no authority to sustain it under circumstances like those shown to have existed in the present case. We are therefore unable to hold that the court erred in refusing to give the requested instruction, and hold that the same was properly refused.

6. The motion for a new trial was based upon the same theory and grounds as were the demurrer to the complaint and the motion for a directed verdict in favor of the defendant, and, for the reasons hereinabove given, was properly denied. None of the assignments of error are sustained.

We desire to call the attention of counsel and of the clerks of the circuit courts to the condition of the record in this case, and do so for the reason that we find a growing laxity in the preparation of records on appeal to this court. There is in the record here much that should be left out, the presence of which is inconvenient to this court. For instance, there is a lengthy brief in the record which was presented to the trial court upon the hearing of the demurrer, which has no more place in the record here than would a stenographic report of the arguments of counsel. We find a copy of a motion to set the case for trial, together with the cover and all endorsements thereon in the record. There are literal copies of five subpoenas, one of them *duces tecum* consisting of three pages, with the covers and return of the officer serving same, the five covering twenty-one pages and swelling the transcript beyond what it should be in

size.   To each of these unnecessary documents the clerk has appended a formal certificate of its correctness as a copy, and has appended such certificate to each pleading, motion, the verdict, judgment, etc., so that we find in the record nineteen certificates by the clerk authenticating copies, whereas one at the end of the transcript authenticating them, naming each in the order in which it is found in the record, would be sufficient and would make the record shorter and more convenient.

The trial court did not endorse on the requests for instructions handed in by the respective parties those given and those refused, nor did it show which were given in part and refused in part, or the modifications of any given, as required by Sec. 2439, R. L., which statute seems to have been ignored in this case.   The only way in which this court is enabled to ascertain whether a requested instruction was given or not is by comparing it with the charge given by the court and then examining the clerk's minutes to see whether such request was presented and whether given or refused.   Compliance with the statute referred to would have saved this court considerable labor and inconvenience.

The judgment is affirmed.

*W. H. Heen, Deputy County Attorney of Hawaii,* for plaintiff in error.

*Holmes, Stanley & Olson* for defendant in error.