MOE I. KATZ ET AL.

*vs.*

NEW ENGLAND FUEL OIL COMPANY ET AL.

Cumberland.      Opinion, March 4, 1938.

*Robinson & Richardson,*
*Bernard Hershkopf,* for plaintiffs.
*Wallace Hawkins,*
*Freeman & Freeman,*
*Verrill, Hale, Booth & Ives,* for defendants.

SITTING: DUNN, C. J., STURGIS, BARNES, HUDSON, MANSER, JJ.

DUNN, C. J. This equity case is forward on appeal by plaintiffs, from a decree which, a demurrer previously interposed by one of two defendants, i.e., New England Fuel Oil Company, an artificial being under Maine incorporation laws, having been overruled, and its second demurrer sustained, dismissed the bill generally.

This company appealed.

The other defendant is the New England Fuel Oil Corporation, a Nevada organization. It is not a party to this appeal.

Plaintiffs, co-partners under the name of Katz Brothers, alleged that the Nevada corporation had an authorized capital stock of $25,000, divided into 50,000 shares, each of the par value of fifty cents, all issued and outstanding. They averred themselves the holders of 2640 of such shares, ownership of most antedating to March, 1933.

There is in the bill, averment that demand, made by the plaintiffs, on the directors of their corporation (Nevada), as assignee of a Massachusetts company, to enforce against the Maine concern, on the thesis of liability both jointly and severally, contractually, on its part and that of the Magnolia Petroleum Company, a Texas joint-stock association, a cause of action for a large amount of royalty oil undelivered from Mexican wells, was baselessly refused. No relief is sought respecting the Magnolia company.

Assertion, to recur to the bill, was positive that a renewal within plaintiffs' corporation, of any reasonable method to procure redress therein would, because of adverse domination of its directors, as well as of the corporation itself, by the majority shareholders, be an idle ceremony. Hence, this derivative suit to protect corporate property and interests.

The quest, on the authority of plaintiffs' pleading, and the brief and oral argument of their counsel, is for justice for the Nevada company.

Docket entries disclose that this corporation appeared and answered to the bill. Apparently it has taken no other step.

The answer is not included in the record on appeal.

The first demurrer set up but one ground, that the bill failed to charge that the conduct of the directors of the Nevada company was fraudulent or collusive, *ultra vires*, or a breach of trust.

The second demurrer was inserted in the answer of the Maine company. Plaintiffs moved that the demurrer be dismissed. The motion was denied. Whether, the first demurrer having been over-ruled, there might competently be a second, need not now be decided.

The second demurrer specified six distinct grounds. These may be briefly summarized, as follows: (a) that the bill disclosed no obligation on the part of the Maine company; (b) that it failed to allege any notice or demand for the delivery of the oil claimed; (c) that it did not plead any request by the plaintiffs that the Nevada company bring suit against the Maine company; (d) that it did not allege the capacity of certain oil leases; (e) that it did not show any equity in the plaintiffs' stockholders, and no irreparable injury to them; and (f) that it set forth no cause of action against the Maine company, nor any right in the plaintiffs to equitable relief.

The court below passed only on the first ground of the demurrer. It held that the provision of the agreement relied on concerned remedies rather than rights, and was alone the obligation of the Magnolia company.

For anything in the printed case, the cause of the Nevada corporation has never been heard; that defendant has had no opportunity to present the merits for judicial determination.

Even so, were its answer in the record, — were its pleadings before this Court, — there might be reason to deal with the cause as to both defendants. *Stephenson* v. *Davis*, 56 Me., 73.

In the cited case, three of four defendants demurred. Their demurrer, which went to jurisdiction apparent from the bill, was sustained. The fourth defendant took advantage, by plea, of a want of jurisdiction; the ground relied on was outside the bill, which was dismissed as to him, also. *Stephenson* v. *Davis*, supra.

The present suit was instituted, not for purely individual rights, but by stockholders, in their representative capacity, for their corporation, which they named a defendant.

That corporation, it is readily conceivable, may desire a hearing on material allegations of fact in the bill. Its answer may deny all facts alleged, or any such fact. It may desire hearing in reference to the possible allowance of costs. Conversely, it may, notwithstand-

ing its position in the bill, and on the docket, favor the proceeding.

In equity, the record, for the purpose of appeal, consists of the bill and all the pleadings. Whitehouse, Equity (1st Ed.), Sec. 626.

The demurrers were dilatory pleas. Settling them was, obviously, preliminary to a final adjudication.

Appeals from interlocutory decrees, within which class this appeal falls, must await the final decree. R. S., Chap. 91, Sec. 55.

The cause is not properly before this Court; appeal was prematurely brought. It is dismissed, but without prejudice to plaintiffs.

*It is so ordered.*