HELEN S. CHONG *v.* P. Y. CHONG, ALIAS CHONG YICK CHEW.

No. 2381.

ARGUED JANUARY 16, 1940.                    DECIDED APRIL 4, 1940.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY PETERS, J.

This is an action by the wife against the husband for an absolute divorce upon the ground of cruelty as defined

by R. L. H. 1935, § 4460, para. 8. A divorce was granted and the libelant awarded permanent alimony in gross in the sum of $38,000, said amount to be paid by the libelee at the rate of $300 per month, the first monthly installment or payment to be made on the first day of the calendar month next following the date of the amended decree and the subsequent installments or payments to be made on the first day of each and every month thereafter until the total allowance or award of $38,000, as alimony in gross, was fully paid and satisfied. By way of ancillary relief the libelee was also ordered to furnish, within a time certain, reasonable security for the payment of alimony in gross in the amount and in the manner and at the times in the decree described by giving either a satisfactory bond in the sum of $38,000 or other reasonable security, subject to the approval of the court. In default of a bond or other reasonable security approved by the court, the libelee was restrained from in any manner whatsoever selling, disposing of, mortgaging or hypothecating any of his assets or the assets of a domestic corporation known as Lau Yee Chai, Limited, all of the capital stock of which, issued and outstanding, excepting single qualifying shares issued to officers of the corporation, was owned by the libelee, or allowing, authorizing, consenting to or approving in any way in such action by said corporation, its officers, agents or directors, otherwise than as required in the daily, ordinary and customary course of business in the operation of a restaurant business conducted by said corporation in Honolulu. From the final amended decree entered on July 13, 1938, the libelee appealed to this court.

No complaint is made by appellant to the granting of the divorce nor to the allowance as an abstract proposition of a gross sum for the maintenance of the wife. His specifications of error confine themselves to attacks

upon the amount of the allowance, the security required to assure its payment and the confirmation contained in the amended decree of the agreement of the parties that certain household furniture be turned over to the wife.

The only specification of error which we deem necessary to the determination of this appeal is that in which appellant complains that the trial judge abused his discretion in fixing the amount of the allowance at the sum of $38,000. Holding as we do that this specification of error must be sustained and the amended decree reversed so far as it grants an allowance to the wife for her support in the amount named, it is unnecessary to consider the other errors assigned, it appearing doubtful, due to a change in conditions pending appeal, that the same questions may arise upon further proceedings before the trial judge, upon remand. The appellant, relying upon the supersedeas granted him as such by the provisions of R. L. H. 1935, § 3502, did not post a bond nor give other security to secure the payment by him of the allowance made as required by the final decree. It was conceded by both parties upon argument herein that Lau Yee Chai, Limited, the one-man corporation owned by the appellant, the stock in which represented practically all of the property of which he was possessed, was, on May 31, 1939, and pending appeal, duly adjudged an involuntary bankrupt and its assets vested in a trustee in bankruptcy. From pleadings filed in this court, it further appears that all of the assets of the bankrupt have been sold by the trustee in bankruptcy at a price that will apparently leave but little in the way of distribution to the appellant as sole stockholder. It thus appears that, pending appeal, there has been a decided change for the worse in the financial ability of the husband to respond to an order of alimony in gross. Under the circumstances it is very unlikely that the libelant, upon further proceedings be-

fore the trial judge, will insist upon an allowance in gross, in which event the same questions in respect to security will not arise. Where a final decree of divorce must be reversed in respect to the amount of alimony allowed in gross, it is unnecessary to consider other errors assigned where, due to a change in conditions pending appeal, the same questions may not arise upon further proceedings before the trial judge, after remand. (*Jones* v. *Randolph,* 104 U. S. 108.)

Appellant's principal objection to the allowance as made is that it is so excessive as to amount to an abuse of judicial discretion. And the briefs and argument of counsel were directed in the main to a discussion of the extent to which the amount allowed was disproportionate to the value of the property owned by appellant. Appellant also made the supporting point that there was no evidence before the trial judge showing or tending to show the reasonable value of the shares of stock owned by appellant in Lau Yee Chai, Limited, other than the book value of the assets of the corporation as shown by its balance sheets and that its book value was neither its market nor its actual value. In our opinion the assignment of error turns upon the latter point.

Ordinarily the value of shares of stock in a corporation is their market value. (*Assessor* v. *C. Brewer & Co.,* 15 Haw. 29, 35.) Stock in Lau Yee Chai, Limited, admittedly had no market value. So, upon the theory that each share of stock represented an aliquot part of the property of the corporation, resort was had to evidence of the value of the assets of the corporation. But the only evidence before the trial judge of the value of the assets of the corporation was its book value and its book value admittedly represented merely the aggregate cost to or price paid by the owner of the property, real and personal, when purchased, and the prices paid by the owner for

services rendered in the alteration or erection of improvements, less depreciation. It is true that the profit and loss accounts of the corporation also showed that the corporation had paid dividends practically since its organization but no rate of capitalization was shown and, in the absence of evidence of the proper rate of capitalization to be applied, the dividends paid could not be used to compute the capitalized value of the assets from which the dividends emanated. (*Re Taxes Agr. Co.*, 30 Haw. 755, 763.)

It is undisputed that the corporation Lau Yee Chai, Limited, was organized in the year 1936 to take over and conduct the existing restaurant business conducted by the appellant, under the individual name of Lau Yee Chai; that the valuation of the items of property intended to represent the capital stock of the corporation was taken from the books of account previously kept by the appellant; that the books of account of the appellant had been installed by a certified public accountant in the years 1934 and 1935 and that the property then owned by appellant and used in or connected with the two restaurants conducted by him were entered in the books of account as assets at their respective costs to the appellant at the time of purchase by him and that at the same time the accountant set up in the books a reserve for depreciation. It is also undisputed that the same method of accounting was followed after the installation of the books by both the appellant and his successor in interest, the corporation, Lau Yee Chai, Limited, and that such method was applied not only to personal and real property but also to services rendered in the repair and erection of buildings upon real estate owned in fee.

Trial of the within cause was begun before the trial judge in June, 1938, so that there came in issue the value as of that time of the shares of stock owned by appellant

in the corporation and as a necessary corollary thereto the reasonable value of the assets of the corporation. Included in the exhibits offered by appellee and received in evidence and considered by the court were the auditor's reports of Lau Yee Chai, Limited, for the years 1936 and 1937 and for the months from January to April, both inclusive, of the year 1938. These auditor's reports contained balance sheets showing the assets of the corporation at the end of each period to which the report refers. The balance sheet contained in the auditor's report for the month ending April 30, 1938, is typical. The "fixed assets" are grouped therein under appropriate group items opposite to which appear in bulk the respective amounts of "cost," "reserve for depreciation" and "net." They are "furniture and fixtures," "kitchen equipment," "leasehold improvements," "improvements - Waikiki" and "automobiles." The bulk amounts of "cost," "reserve for depreciation" and "net" represent the aggregate of the cost, reserve for depreciation and net of all of the articles included in the group to which the same refer. Also included in this balance sheet under the heading "other assets" are the following items: "Waikiki residence," "investments - American Security Bank," "investments - Tong Fong Soy Co.," etc., opposite to each of which is entered the aggregate "net."

The evidence otherwise adduced discloses that the corporation conducted two restaurants in Honolulu, one on Hotel street, the other at Waikiki; that the Hotel street restaurant was upon leased premises and the restaurant at Waikiki on land owned in fee; that the Hotel street restaurant was established in 1932 with the equipment of a restaurant previously conducted by the appellant on Beretania street; that the site of the Waikiki restaurant was purchased in 1928 and that it was opened for business in December, 1929. It also appears from the evidence that

the bulk amounts representing the aggregate costs of the items included in fixed assets include the purchase price paid by Lau Yee Chai, Limited, and its predecessor, Lau Yee Chai, for realty, personalty and for services. For instance: Included in the aggregate lump sum representing the cost of the item of fixed assets entitled "building site," is the price paid by appellant in 1928 for the purchase of the land upon which the restaurant at Waikiki originally stood. It also includes other purchases of adjoining real estate made from time to time for restaurant purposes at Waikiki. Similarly the item "Waikiki residence" includes the cost of the purchase of a home site adjoining the restaurant at Waikiki. The aggregate lump sum representing the cost of "furniture and fixtures" includes all existing furniture and fixtures as originally purchased by the appellant prior to 1934-1935 when the books were installed and as subsequently renewed or increased. The aggregate lump sum representing "improvements - Waikiki" represents the cost of labor and material paid by the corporation or by appellant personally in making improvements at Waikiki. Similarly the aggregate cost of "leasehold improvements"; this item having reference to improvements made upon the restaurant premises on Hotel street. Except for a few scattered instances, the record is silent as to time or amount of individual purchases or improvements made and where the time does appear the respective times of payments precede the time of trial by from two to ten years.

In appraising personalty or realty, market value ordinarily controls. The cases are in conflict in other jurisdictions upon the question of whether evidence of cost, *i.e.,* the price actually paid by the owner, is admissible to show value. And some of the cases, although holding that cost is evidence of value of personal property, repudiate the rule when applied to realty. The better rule

seems to be that the price paid for personalty is generally admissible as some evidence of value. (*Kwong L. Y. Co. v. Manchester Co.,* 16 Haw. 685, 688.) Similarly as to the price paid for realty. (*Kwong L. Y. Co.* v. *Manchester Co., supra,* p. 688.) That the price paid by the owner for both personalty and realty is some evidence of value, when not too remote, has been repeatedly acknowledged in this jurisdiction. (*Inter-Island Steam Nav. Co.* v. *Shaw,* 10 Haw. 624, 629, 630; *Re Taxes Haw. Com. & Sug. Co.,* 26 Haw. 708, 710.) But in order that the price paid for personal property may be considered as evidence of value, the price must have been paid within a reasonable time before or after the time with reference to which its value is subject to inquiry. (*Smith* v. *Mine & Smelter Supply Co.,* 32 Utah 21, 88 Pac. 683; *Beach* v. *Raritan & Delaware Bay R. R. Co.,* 37 N. Y. 457, 470.) What is a reasonable time necessarily depends upon the character of the article, its use, if purchased prior to the time in question, and all of the facts and circumstances of the particular case. Similarly as to the purchase price of real property. Its cost to its owner is material upon the issue of its market value. (*State Ex Rel. Merriam* v. *Superior Court,* 55 Wash. 64, 104 Pac. 148.) But where the purchase of real property is made at a time so remote in reference to the time in question that it may be said that the presumption of market value no longer obtains, evidence of cost to the owner is inadmissible. (*Grays Harbor Boom Co.* v. *Lownsdale,* 54 Wash. 83, 102 Pac. 1041, 104 Pac. 267.)

In some jurisdictions it is held that the price paid for services is some evidence of their value. But in the majority of jurisdictions, including our own (*Van Gieson* v. *Magoon,* 20 Haw. 146, 154), the price paid for services is immaterial unless it also appears that the price paid represents the reasonable value of the services.

Within the principles of law enunciated the evidence of book value was insufficient upon which to predicate a finding of the reasonable value of the assets of Lau Yee Chai, Limited. There was absolutely no showing that the certified public accountant who installed the set of books for the appellant in the years 1934 and 1935 possessed, beside those of an accountant, any qualifications entitling him to determine the rate of depreciation to be applied to the several articles of personal property used in or in connection with the restaurant business conducted by the appellant at that time. Similarly as to the depreciation charged against personal property purchased subsequently by appellant and by the corporation. Nor does it appear that the rate of depreciation applied was consistent with the actual conditions of the personal property to which the same refers. The record is also silent upon the qualifications of the accountant to depreciate buildings and improvements, the rate employed or the reasonableness of such rate. There was no evidence of the present value of the personalty or real property included in the assets of the corporation as originally purchased or as subsequently acquired. Moreover, there is no evidence that the prices paid for labor and material involved in improvements were the reasonable value thereof. Finally, where the respective times of purchases or improvements made by the corporation or its predecessor in interest do appear, they are too remote to sustain a finding of present value.

The provisions of section 4475, under and pursuant to which the allowance in gross was made herein, do not pretend to prescribe any formula upon which the amount of an allowance in gross is to be determined. The power of estimating the amount of the allowance to be made to a wife for her future support is reposed in the sound judicial discretion of the circuit judge, limited only to the

extent that it be "just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case" within the meaning of those terms as employed in the statute.

In estimating an allowance in gross for the support of the wife, as contradistinguished from alimony payable periodically, the consideration of primary importance is the amount, character and reasonable value of the property owned by the husband. There are other considerations, such as the productiveness of the property and the income and earning capacity of the husband. The amount of the dividends received by the appellant upon his stock in Lau Yee Chai, Limited, and the salary which he received as manager of the corporation were in evidence. But it was the ownership by the appellant of all of the shares of the capital stock of Lau Yee Chai, Limited, and its book value upon which the amount of the allowance was primarily predicated. The trial balance sheet of April 30, 1938, placed the net worth of the corporation at $75,460.78 and the amount of the allowance at its present value was apparently estimated by the trial judge on the basis of approximately one-third. But, holding as we do that there is no evidence to sustain any finding of the present reasonable value of the stock in Lau Yee Chai, Limited, owned by the appellant, the amount of the allowance has no evidence for its support. No claim is made that the aggregate of the dividends and salary received by the appellant was sufficient in amount or value to pay the allowance in the amount awarded. Under the circumstances the allowance as made was excessive in amount and constituted an abuse of discretion.

Consistently with the views herein expressed the amended decree of July 13, 1938, is affirmed in respect to the divorce granted libelant against libelee upon the ground

charged but otherwise the same is reversed and the cause remanded to the trial judge for further proceedings.

*M. K. Ashford* (*W. H. Heen* with her on the briefs) for appellant.

*C. S. Davis* (*W. Y. Char* with him on the briefs). for appellee.