## JOHN SANTOS, JR. *v.* HELEN FERREIRA SANTOS.

### NO. 2982.

Argued October 20, 1954.          Decided January 14, 1955.

Towse, C. J., Stainback, J., and Circuit Judge Fairbanks in Place of Le Baron, J., Absent.

OPINION OF THE COURT BY TOWSE, C. J.

This is an appeal from a decree granting an absolute divorce and custody of four children to appellee, ordering payment of $120.00 per month for their support and maintenance, and awarding appellee $5,000.00 alimony in gross.

Appellant filed a libel for divorce alleging grievous mental suffering to which appellee entered a general denial and a cross-libel alleging grievous mental suffering and extreme cruelty. Upon discontinuance of the cross-libel, a second cross-libel was filed upon the same grounds seeking the care, custody and control of the four children and a reasonable allowance for their support and maintenance, together with a reasonable allowance as periodic alimony or, in the alternative, an award of alimony in gross. Appellant denied the allegations of the cross-libel; trial was had upon issue so joined, at the conclusion of which appellant's libel was dismissed the trial judge finding only the allegations of the cross-libel supported by the evidence adduced.

A decree was entered on April 5, 1954, granting an absolute divorce to appellee upon the grounds alleged in the cross-libel; awarding the care, custody and control of the four minor children to appellee; and ordering payments of $30.00 per month for the support and maintenance of each child, commencing on the tenth day of April, 1954. The decree also awarded $5,000.00 to appellee as

alimony in gross payable on or before the first day of October, 1954.

The six specifications of error, all directed to that portion of the decree awarding appellee $5,000.00 alimony in gross, are consolidated into two issues:

First, was the award of alimony in gross an abuse of discretion?

Second, was the amount of $5,000.00 so awarded excessive and an abuse of discretion?

Determination of the propriety of the award in the circumstances presented necessitates consideration of the nature and effect of alimony in gross as contradistinguished from periodic alimony. In this jurisdiction both are grounded upon statutory provisions granting such suitable allowance to the wife "for her support, as the judge shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." (R. L. H. 1945, § 12226.)

It is settled that alimony may be awarded in the form of an allowance of periodic payments without designation of the total amount payable and subject to modification at any future time as the change in circumstances and needs of the parties dictate (*Laing* v. *Laing,* 10 Haw. 183; *Lazarus* v. *Lazarus,* 9 Haw. 352) ; or, a sum certain payable on or within a reasonable period after entry of a decree (*Nobrega* v. *Nobrega,* 14 Haw. 152; *Nobrega* v. *Nobrega,* 13 Haw. 654) ; or, a sum certain, as binding, conclusive, and final as the decree itself, though payable in periodic installments (*Miller* v. *Cooke Trust Co.,* 33 Haw. 690).

No statutory authority exists for awarding alimony in gross in lieu of a periodic allowance. However, in *Nobrega* v. *Nobrega,* 13 Haw. 654, it was settled that the power to render such an award was conferred by section 12226 of the Revised Laws of Hawaii 1945. "No good rea-

son has been suggested nor does any appear to the court, on its investigation of this question, why under the terms of our statute the court could not make an allowance to the wife of a gross sum as alimony or in lieu thereof. The obligation of the husband to support the wife and the fact that the decree of divorce forever sever the relation existing between the parties would seem to be sufficient reason for the legislature to empower the court to finally adjust and determine the financial relations as well as the marital rights at one and the same time." (*Id.* at 659-660.) This power was modified in *Nobrega* v. *Nobrega,* 14 Haw. 152, 155: "This means, not that an award in gross should usually be made, but merely that there is no sound objection to the existence of the power to award alimony in gross or to the exercise of such power in *proper cases.* Some courts which hold that such power exists hold also that it should not be exercised except under *special circumstances.* As a rule the alimony should be payable periodically. The court can then control its amount more effectually and change it from time to time according as the means and needs of the parties change." (Emphasis added.)

What constitutes a "proper case" or the "special circumstances" warranting an award in gross depends upon the circumstances of each particular case, having due regard for the best interests of the parties and the husband's financial ability to respond to such an award. (*Lyon* v. *Lyon,* 243 Ky. 236, 47 S. W. [2d] 1072; *Miller* v. *Miller,* 173 Miss. 44, 159 S. 112; *Howard* v. *Howard,* 164 Ore. 689, 103 P. [2d] 756.)

An award of alimony in gross accomplishes a more equitable result than periodic alimony in circumstances where a wife has contributed real or personal property owned by her at the time of marriage, or where property has been accumulated after marriage by the joint efforts

of husband and wife. In such cases, it is generally held that a wife's contribution should be restored out of the estate of the husband so acquired. (*Donini* v. *Donini*, 331 Ill. App. 405, 73 N. E. [2d] 127; *Wilhelm* v. *Wilhelm*, 126 Ore. 388, 270 Pac. 516; *Tuning* v. *Tuning*, 90 W. Va. 457, 111 S. E. 139; see *Martin* v. *Martin*, 195 Ill. App. 32.) An award in gross is also deemed a proper medium of relief where it is established that the regularity or security of periodic payments would be imperiled by the husband's lack of industry, or his financial inability or calculated refusal to meet the obligations created under a decree ordering payments of periodic alimony (*Nobrega* v. *Nobrega*, 14 Haw. 152; *Lewis* v. *Lewis*, 109 Mont. 42, 94 P. [2d] 211); or where the relations between the parties have become so strained as to create a strong and apparent probability that the payment or collection of periodic installments would occasion future disturbances or litigation between the parties. (*Winslow* v. *Winslow*, 133 Tenn. 663, 182 S. W. 241.) This court, recognizing these principles, has determined that "an award in gross may be made appropriately when the husband is likely to vexatiously delay or withhold payments, and of course, there are other circumstances to be considered." (*Nobrega* v. *Nobrega*, 14 Haw. 152, 155.)

No inflexible criterion exists which embraces the myriad of potential circumstances wherein an award in gross is proper. There undoubtedly are situations other than those enumerated which may justify an award in gross; but the governing principle deducible from the numerous views expressed is that the granting of an award in gross should properly be confined to those cases wherein the presence of special circumstances might require it or render it advisable. (*Yandell* v. *Yandell*, 160 Fla. 164, 39 S. [2d] 554; *Rardin* v. *Rardin*, 330 Ill. App. 68, 89 N. E. [2d] 67.) It affirmatively appears from the record

before us that the trial judge was cognizant of the special circumstances warranting the granting of the award in gross. The decree was formulated upon widely divergent and grossly conflicting testimony. In determining upon review whether special or other circumstances exist, "the findings of a trial judge on pure issues of fact are given great weight and should control unless the evidence clearly requires a contrary conclusion." (*Medeiros* v. *Medeiros,* 32 Haw. 177, 178.) The record bears testimony, albeit conflicting, reciting physical abuse of appellee on numerous occasions over a period of seven years immediately preceding the institution of suit. While appellant either categorically denied or explained these acts with a view toward vindication, most of them were nevertheless corroborated wholly or in part by the testimony of other witnesses. The record also discloses unsubstantiated accusations of adultery made by appellant against appellee in the presence of their minor children and the use of vulgar and profane language by appellant toward appellee.

The trial judge found that appellee "expended much of her youth and health" during eighteen years of marriage "in assisting in the accumulation of what property the parties have acquired" and that $6,000.00 realized from the sale of ten acres of unimproved realty in which appellee held an undivided one-half interest by gift from appellant had been "used to pay a mortgage" upon the family homestead or "otherwise expended" by appellant. The trial judge further found that appellee had earned $142.00 in 1950, $1073.79 in 1951 and $1104.05 in 1952 by her own employment, all of which had been tendered to appellant except portions thereof which she was compelled to expend in supporting herself and the four children while the parties were separated. The finding that appellee "has accordingly assisted materially in the accumulation of the

property libellant now has in his possession" is amply supported by the evidence.

The findings upon the acts of grievous mental suffering and extreme cruelty by appellant toward appellee over an extended period, the contributions by appellee toward the accumulation of property now constituting appellant's sole estate, and the apparent extreme animosity existing between the parties, in our opinion, dictate a departure from the rule normally favoring periodic alimony over an award in gross. Those findings constitute requisite circumstances establishing a proper case warranting the award of alimony in gross and a final settlement of all matters and rights having their inception in the marital status. No abuse of discretion has been established.

The second issue contends that the award of $5,000.00 is excessive. This is urged upon the dual theory that the valuation of the assets of appellant as found by the trial judge was excessive and that the award premised upon that valuation was excessive.

The award was computed upon evidence esablishing a valuation of appellant's net worth to be in excess of $15,000.00 consisting of:

| | |
|---|---|
| Personal property (miscellaneous household items and vehicles) | $ 2,875.00 |
| Undivided one-half interest in 10.3 acres of unimproved land valued at $450.00 per acre | 2,391.75 |
| Homestead (2.71 acres) | 10,000.00 |
| Total | $15,266.75 |

The valuation of the personal property and of the unimproved acreage was premised largely upon appellant's testimony, although that of the value of the homestead was conflicting. Appellant asserted the value of the homestead to be between $8,500.00 and $8,800.00. Appellee testified that appellant had offered it for sale at $15,000.00, at a time unspecified in the record, with no purchasers.

Upon this issue, the testimony of an independent appraiser establishing the value of the realty at $2,000.00 and of the improvements at $8,000.00 was characterized by the trial judge "to be worthy of credit and under the circumstances the fairest value presented."

Where evidence is conflicting and the findings depend wholly or largely upon the credibility of witnesses, such findings will not be disturbed upon review unless the evidence clearly requires a contrary conclusion. (*Daitoku* v. *Daitoku,* 39 Haw. 276; *Medeiros* v. *Medeiros,* 32 Haw. 177; *Nishihara* v. *Nishihara,* 22 Haw. 189.) We find no reason to disturb those findings.

Appellant contends that the award of $5,000 computed upon his net worth of $15,000.00 was excessive and an abuse of discretion. Section 12226 of the Revised Laws of Hawaii 1945 upon which the award was granted contains no guiding provisions for the computation of an award in gross. That determination, in the absence of agreement, is reposed in the sound discretion of the trial judge, subject only to the limitation that the amount be "just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." (R. L. H. 1945, § 12226; *Chong* v. *Chong,* 35 Haw. 385.) It is generally held that among the circumstances to be considered are the financial status of the parties; the nature and value of their respective properties, assets or estates; the contributions of each, if any, to property held jointly; the duration of the marriage; the income, earning capacity or potential earning ability, health, and station, as well as the conduct of the parties as established in the proceedings. (*Jones* v. *Jones,* 261 Ky. 647, 88 S. W. [2d] 673; *Siebert* v. *Siebert,* 184 Ore. 496, 199 P. [2d] 659; see *Laing* v. *Laing,* 10 Haw. 183.) While these considerations are factors in the determination of the amount of alimony, "[i]n estimating an allow-

ance in gross for the support of the wife, as contradistinguished from alimony payable periodically, the consideration of primary importance is the amount, character and reasonable value of the property owned by the husband. There are other considerations, such as the productiveness of the property and the income and earning capacity of the husband." (*Chong* v. *Chong, supra,* at 395.) This court has held that section 12226 of the Revised Laws of Hawaii 1945 requires neither a showing of the needs of a wife nor her life expectancy, where alimony in gross as distinguished from periodic alimony is granted. "In the nature of things it could not, nor does the statute require it to be shown exactly how much she would need, nor in awarding an allowance in gross was it necessary to estimate the amount by tables of annuities and mortality. * * * Courts elsewhere do not seem as a rule to make use of such tables or to require exact proof of the wife's needs in estimating alimony in gross." (*Nobrega* v. *Nobrega,* 14 Haw. 152, 158.)

In the absence of statute, an award in gross is not required to be limited to admeasurement of a husband's present estate. (*Steinman* v. *Steinman,* 121 Conn. 498, 186 Atl. 501; *Kelly* v. *Kelly,* 183 Ky. 172, 576, 209 S. W. 335; *Drake* v. *Drake,* 187 Okla. 1, 100 P. [2d] 887.) However, this court in the *Nobrega* case, *supra,* modified that principle with the limitation: "As a rule allowances in gross are less than one-third of the estate, and in estimating the amount the property that the wife already has is taken into account and especially that part of it which came from her husband, and, on the other hand, any contributions she may have made." (*Id.* at 159.) This modification does not mandate an inflexible apportionment, but the ratio of the amount of the award to the husband's estate may be considered as one of the primary factors in determining the amount of the award in gross.

The award of $5,000.00 represents less than one-third of appellant's net worth of $15,266.75, and does not, in our opinion, deviate from the foregoing principles. Appellant correctly contends that appellee will continue to retain a one-half undivided interest in the remaining unimproved acreage, which acreage is valued at $2,391.75 and is listed as a part of appellant's sole estate. It was established that ten acres of the unimproved realty of 20.31 acres in which appellee originally possessed an undivided one-half interest were sold by appellant and the major portion of the proceeds of $6,000.00 applied in amortization of a mortgage upon the homestead now held as his sole estate. One-half of the proceeds of that sale, or $3,000.00, constituted appellee's sole property, but was never tendered to her. Viewing the one-half interest as an outright gift to appellee, we find the computation of the gross award herein to be equitable, in view of appellee's contribution of personal services during 18 years of marriage and her contribution to appellant's sole estate of the major portion of her earnings of $2,319.84.

We conclude that the award of $5,000.00 was computed with due consideration of the amount, character and reasonable value of appellant's present estate and the ratio of that amount to his net worth. Appellant has failed to establish any abuse of discretion by the trial judge in computing the amount decreed.

We find, however, that the effect of the time limitation imposed in directing payment of the gross award within six months after rendition of the decree, in view of the nature of appellant's sole estate and all of the facts and circumstances here presented, would unjustly penalize him by forcing an inexpedient sale or other disposition of his remaining assets to meet that limitation. Wherever possible, the time of payment should be so fixed as to avoid a sale, at a great sacrifice, of a husband's property. (*Nobrega*

v. *Nobrega,* 14 Haw. 152; *Farley* v. *Farley,* 30 Ia. 353.)
Reasonable liberality of time allotted for payment is a
necessary concomitant of a decree in circumstances which
may necessitate a sale or other disposition of real property.
(*Smith* v. *Smith,* 60 Neb. 273, 83 N. W. 72.) In this juris-
diction, in the absence of agreement, an award of specific
property as alimony may not be decreed (*Nobrega* v. *No-
brega,* 13 Haw. 654); nor may a decree direct that a
husband convey a specific house and lot to his former wife
for her home for life or until further order of court (*Wong
Kwai Tong* v. *Irene Choy Yin,* 31 Haw. 603). We consider
that the time fixed for payment may conceivably circum-
vent the foregoing prohibitions due to its brevity, and that
"if the property had to be sold in order to realize the
amount required, it would probably be at a great sacrifice,
with the result that while the wife would get only what
was ordered the husband would lose a great deal more."
(*Nobrega* v. *Nobrega,* 14 Haw. 152, 160.)

Appellee presents one issue warranting determination.
It is contended for the first time on appeal, that the entire
record is not before us, and that "the Court cannot prop-
erly review and determine the issues in controversy upon
the incomplete and insufficient record." It is argued that
the record in its present state fails to disclose that the
lower court acquired jurisdiction either of the parties or
of the subject matter of the proceedings. Rules 75 and 76
of the Hawaii Rules of Civil Procedure provide a remedy
for allegedly deficient records such as here contended, but
inasmuch as this cause was presented on appeal prior to
the effective date of the Rules, appellee's contentions war-
rant clarification.

In this jurisdiction the rule prevails, as appellee con-
tends, that an appeal from a divorce decree is in the nature
of an appeal in equity. "[S]ince the act of 1903 * * * which
transferred the jurisdiction of divorce cases to the circuit

judges at chambers, divorce decrees have been reviewed upon appeal, and the entire testimony is examined as in appeals in equity suits." (*de Coito* v. *de Coito*, 21 Haw. 339, 342.) An appeal from a decree in equity brings the entire record to this court for review. (*Watumull* v. *Ettinger*, 39 Haw. 185; *Hospital* v. *Wodehouse*, 33 Haw. 846.) It has been held that "[i]n equity, the record, for the purpose of appeal, consists of the bill and all the pleadings." (*Katz* v. *New England Fuel Oil Co.*, 135 Me. 379, 197 Atl. 401, 402.) Premised upon the equitable cognizance of divorce proceedings and that an appeal presents the entire record for consideration de novo, appellee urges dismissal of these proceedings.

The principle that divorce decrees be examined in the light of all of the evidence presented below as in equity appeals, does not apply where the issue for determination does not necessitate an examination of the entire record. (*Hyde* v. *Clift*, 95 Ind. App. 298, 181 N. E. 532.) It is correctly argued that in *Territory* v. *Montgomery*, 38 Haw. 561, this court held that on writ of error the transcript of testimony below which is "a necessary and indispensable ingredient of the record upon review" is a prerequisite to the invocation of appellate jurisdiction to hear and determine an issue presented. This court, however, has also recognized that a complete transcript of the evidence is not an inviolable procedural prerequisite to the determination of issues raised by an assignment of errors in every case on review. (*Territory* v. *Kobayashi*, 25 Haw. 762.) That the rule requiring a complete record applies only to evidence or pleadings material to a determination of the issue presented is implied in the *Montgomery* case, *supra:* "A record on review, which does not contain an item duly designated by praecipe, is not a record within the terms of the section. An appellate court cannot inquisitorially search a record in quest of errors

assigned where, as in the instant record, an affirmative pleading alleges that the *subject matter necessary* to effect a determination of the issues raised is not included within the record presented." (*Id.* at 568-569.) (Emphasis added.) The failure to include portions of a transcript of evidence or pleadings is not indispensable to a disposition of the appeal upon its merits. (In Re: *Holt's Estate,* 14 Haw. 164; *Reilly* v. *Board of Commissioners,* 29 Idaho 212, 158 Pac. 322.)

The foregoing principles are applicable to divorce actions viewed as proceedings in equity. Appellee notes that the instant record does not contain (1) appellant's libel for divorce, (2) appellee's answer, (3) appellee's original cross-libel filed with her answer, (4) appellant's answer to the original cross-libel, (5) the order discontinuing the original cross-libel, and (6) the order dismissing appellant's libel for divorce. Objections to the insufficiency of a record must be grounded upon a firm showing that the omitted pleadings are indispensable to the determination of the issues on appeal and that such issues have not been subsequently abandoned (*Whitwell* v. *Whitwell,* 318 Mo. 476, 300 S. W. 455) ; or that the omitted portion of the evidence in the proceeding below is necessary to a determination of the issues on review (*Grow* v. *Grow,* 270 Ky. 571, 110 S. W. [2d] 275). The libel herein was dismissed at the conclusion of trial upon a finding of insufficient evidence to support its allegations. No exception was noted by appellant to the order of dismissal. We do not find the libel or order of dismissal to be a "necessary and indispensable ingredient" of the record to enable a determination of the issues presented here. The original cross-libel and appellant's answer thereto were voluntarily discontinued seven days prior to the filing of the second cross-libel. It affirmatively appears that at the outset of the proceedings below, counsel for appellee asserted, with-

out contradiction or objection by appellant: "I might explain to the court that there was a cross-libel filed in this matter * * * and a discontinuance, without prejudice, was filed as to that cross-libel and a new cross-libel was filed on August 11th. An answer has been filed to that cross-libel on August 11th and we are going to trial on that cross-libel filed on August 11th. The reason for that was that some acts took place subsequent to the filing of the cross-libel and we want to include those in the hearing."

We construe these remarks to constitute an unequivocal abandonment of the original cross-libel and the joinder of issue below upon the second cross-libel, there being no subsequent amendments thereto. Consequently, the original cross-libel, the answer thereto, and the discontinuance of the original cross-libel, bear no relevancy to the issues now before us and do not, therefore, constitute a "necessary and indispensable ingredient of the record upon review." (*Territory* v. *Montgomery*, 38 Haw. 561; *Halawa Plantation* v. *County of Hawaii*, 22 Haw. 753.)

To ameliorate any possible inequities or gross sacrifice which may result from that portion of the decree directing payment of the gross award of $5,000.00 within six months after entry, and inasmuch as it is uncontradicted that appellant has made conscientious and timely compliance with all provisions directing payments for the maintenance and support of the minor children since the first payment on April 10, 1954, we are of the opinion that the temporal provision of the decree with reference to the gross award should be modified.

The decree is modified in that respect alone and it is ordered that payment of the sum of $5,000.00 as alimony in gross be made in installments of $30.00 per month commencing on the first day of the first month next succeeding the entry of this mandate in the circuit court; said in-

stallments to continue until the eldest minor child shall attain the age of 21 years or would have attained that age had she lived. Payments thereafter, commencing on the first day of the first month next succeeding the twenty-first birthday of said minor child and on the first day of each and every month thereafter, to be in installments of $100.00 per month until the sum of $5,000.00, interest free, shall be fully paid.

The decree appealed from is affirmed with the foregoing modification.

*W. F. Crockett* (also on the briefs) for appellant.

*E. Vincent* (also on the brief) for appellee.